JACOB W. STRAHAN ET AL. v. ATTALA COUNTY.

[44 South., 857.]

HIGHWAYS. *Establishment. Statutory proceedings. Code* 1906, § 4400.
*Board of supervisors. Discretion. Hearings.*

Under Code 1906, § 4400, prescribing procedure for the establish-
ment of new highways:—

(a) The question whether public necessity demands the opening
of the proposed road is addressed to the sound discretion of the
board of supervisors; and

(b) Where petitioners for a new highway stated to the board what
their witnesses would testify and the board, admitting all to be
true as stated, adjudged that public necessity did not demand the
opening of the proposed road, error cannot be predicated of the
fact that the witnesses were not heard to testify.

FROM the circuit court of Attala county.

HON. JOSEPH T. DUNN, Judge.

Strahan and others, appellants, citizens of the county, filed
a petition before the board of supervisors of Attala county,
appellees, to have a new public road laid out in the county,
and, being denied the privilege of offering evidence in sup-
port of their petition, appealed to the circuit court from an order
dismissing the petition; the circuit court dismissed the appeal
to that court and they appealed to the supreme court.

When appellants' petition to have the prospective highway
opened came on for hearing before the board of supervisors,
the board heard the petition read, but refused to grant it, and
dismissed it without taking testimony, the order of dismissal
reciting that public necessity did not demand the opening of
the road.  All that the petitioners expected to prove by their
witnesses was stated to the board and treated as proved.  To
such procedure on the board's part the appellants excepted and

tendered a bill of exceptions, which was signed by the president of the board, and an appeal allowed to the circuit court.

Code 1906, § 4400, under which the petition was filed, is as follows:

" When any person shall desire to have a public road laid out, altered or changed, a petition shall be presented to the board of supervisors of the county, signed by ten or more freeholders or householders of the county interested in the road, setting forth the commencement and termination and general course thereof, and that the public interest or convenience requires the road to be laid out and opened, or altered or changed, as shown in the petition; and the petitioners, if not owners of the land through which the road runs or is proposed to be run, shall give five days' notice to the owners of the land, in person, or by leaving the same at their residence, if they reside in the county, or, if the owners be nonresidents of the county, by putting up the notice in some conspicuous place on the land through which the road runs, or is proposed to run; and thereupon the board of supervisors shall hear the parties, and if it determine that the prayer of the petitioners ought to be granted, in whole or in part, it shall appoint a committee of two members, of districts other than that of the road, or proposed road, which shall examine and view the contemplated route of the road, and, if they find the same practicable, they shall lay out and mark the road, or the alteration or change, and report their proceedings in writing to the board at its next meeting." ·

*Teat & Teat,* and *May, Flowers & Whitfield,* for appellants.

The record discloses that a proper petition was filed before the board of supervisors; that the petitioners were present when the petition came on for hearing, and insisted upon their right to be heard in the matter. The board refused to hear evidence and refused to grant the prayer of the petitioners,

reciting in the order on the minutes that public necessity did not demand the opening up of the road or the building of the bridge.

Article 1 of the United States Constitution provides that " Congress shall make no law . . . abridging the right of the people peaceably to assemble, and to petition the government for a redress of grievances." Code 1906, § 4400, provides that " when any person shall desire to have a public road laid out, altered or changed, a petition shall be presented to the board of supervisors . . . and thereupon the board shall hear the parties. . . ."

In this case an arbitrary board transacted business like a Czar, in the face of the express provisions of the United States Constitution above quoted, and in the very teeth of Code 1906, § 4400.

It is not within the power of the board to decide, before hearing evidence, in a case of this kind, whether or not, the public necessity demands the opening of the road.

*Luckett & Guyton,* for appellees.

Code 1906, § 80, provides that, " Any person aggrieved by the judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal to the next term of the circuit court of the county, and may embody the facts and decisions in a bill of exceptions, which shall be signed by the person acting as president of the board or of the municipal authorities; and the clerk thereof shall transmit the bill of exceptions to the circuit court on or before the first day of the next succeeding term, or at once if the court be in session, and the court shall hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment," etc.

The appellants, and not the clerk of the board, filed in the circuit court a certified copy of their bill of exceptions, which was wholly contrary to the section above quoted and in the

very teeth of the statute; and this of itself was enough to justify the act of the circuit court in dismissing the appeal.

In the case of *Bridges* v. *Supervisors,* 57 Miss., 252, Chief Justice GEORGE says, " It has been settled from an early day in this state that appeals are not a matter of right, and are only allowable in cases provided for by statute; and then only on the terms prescribed by statute; that these terms must be strictly complied with, and are conditions precedent to the jurisdiction of the appellant court," citing, *Parker* v. *Willis,* 27 Miss., 766; *Hardaway* v. *Biles,* 1 Smed. & M., 657; *Porter* v. *Grisham,* 3 How., 75; *Carmichael* v. *Trustees,* 3 How., 84; *Pickett* v. *Pickett,* 1 How., 267.

In the same case, the learned chief justice says, on page 254, of the report cited, " It is true that in *Yallobusha County* v. *Carby,* 3 Smed. & M., 529, 546, under a statute which allowed appeals by bills of exceptions or *certiorari,* the high court of errors and appeals sustained an appeal where the bill of exceptions was waived; but this was upon the express ground that when a cause was removed into the circuit court by *certiorari* a trial was had *de novo,* and the cause proceeded with as if it had been instituted in that court. Although that rule is not recognized now in this court, yet it is seen that the high court in allowing the validity of the appeal in that case, was careful not to give it an effect which the court did not deem could be secured by another mode equally allowed by statute. Under our present Code, as we have seen, the provision is express that the trial in the circuit court shall be before the judge, and upon the case as made by the bill of exceptions."

The statute now provides that the case shall be tried by the circuit court, as an appellate court. So the great necessity of strictly following the statute, is observable in this class of cases.

The case of *Yandell* v. *Madison County,* 79 Miss., 212, sustains our contention on this point and shows that the circuit

court did right in dismissing appellants' appeal. The motion to dismiss was the proper way to reach the case; on failure to comply with the statute, the court was without jurisdiction. 3 Am. & Eng. Ency. Pl. & Pr., 598 and 599. See also *Greenwood* v. *Henderson,* 84 Miss., 802.

The first ground laid in the motion of itself was sufficient to justify the circuit in dismissing the appeal for want of jurisdiction, but aside from that, we think the appellants have no ground to complain, because, as the board was clothed by the state Constitution with full jurisdiction over roads, ferries and bridges, its act in refusing to grant the petition was final, and no court has the power to review its proceedings; otherwise the grant of full jurisdiction by the Constitution would be nullified. *Monroe County* v. *Strong,* 78 Miss., 565; *Rothenberry* v. *Board Supervisors,* 67 Miss., 470; *Supervisors* v. *Arrighi,* 54 Miss., 672; *Bank* v. *Duncan,* 52 Miss., 745.

The burden of the appellants' complaint is, that the board of supervisors refused to hear the evidence offered in support of their petition. Their remedy, if they have any, is not by appeal but by mandamus to compel the board to hear the evidence, but then the court could not by order compel the board to build the bridge and open up the road, so nothing could be gained by that proceeding, and the appellants are without remedy. High on Extraordinary Legal Remedies, p. 122; *Vicksburg* v. *Rainwater,* 47 Miss., 547; *State Board* v. *City West Point,* 50 Miss., 638.

MAYES, J., delivered the opinion of the court.

When a petition is filed, under § 4400 of the Code of 1906, for the purpose of having a new road opened up, it is a matter to be addressed to the discretion of the board of supervisors. When the petition was presented to and read by the board, and petitioners presented their witnesses, stating what they expected to prove by them, they had a hearing within the full meaning of the statute, even though the board refused to let

the witnesses take the stand and testify. The rejection of the testimony was in effect to say that, even admitting that the witnesses would testify to what it was stated that petitioners expected to prove by them, still it was the judgment of the board that the public necessity did not demand the opening up of the road prayed for, and the petition should be denied. All that petitioners expected to prove by the witnesses was stated, and subsequently embodied in full in a bill of exceptions and carried on appeal to the circuit court, and there reviewed and heard again. All the benefit that could possibly have been derived from actually hearing the witnesses testify was obtained by the statement of petitioners to the board of what they expected to prove by the witnesses, and was again obtained in the circuit court by having it embodied in full in the bill of exceptions. With this testimony all in, the circuit judge could not say that the decision of the board in denying the prayer of the petition was wrong, nor can this court. The petition submitted to the board a matter that was peculiarly within their discretion.

*Affirmed.*