BOARD OF SUPERVISORS OF GRENADA CO. *v.* OLSEN.

[80 South. 339, Division A.]

1. PRIVATE ROADS. *Establishment. Effect.*
   Since section 170 of the Constitution of 1890 gives the board of supervisors jurisdiction over the opening of private roads, where an order of the board opening a private road over the lands of the owner showed that he appeared in the proceedings, such order is not invalid, although the owner's covenant to give the person for whose benefit the road was opened a right of way over his land was void.

2. PRIVATE ROADS. *Establishment. Irregularity.*
   The only way in which a landowner over whose lands a private road is located by the board of supervisors can question the order on account of irregularity is by direct appeal.

APPEAL from the chancery court of Grenada county. HON. J. G. McGOWEN, Chancellor.

Bill by A. Olsen against the Board of Supervisors of Grenada county. From a decree overruling a demurrer to the bill, the defendant appeals.

The facts are fully stated in the opinion of the court.

*W. M. Mitchell,* for appellant.

It is well settled that the board had full power to lay out this road which was conferred by section 170 of the Constitution of 1890, and that this authority cannot be taken away from them or interfered with by any other court, when properly and legally exercised. *Strahan* v. *Board of Supervisors, Attala Co.,* 91 Miss. 529; *Supervisors* v. *Drainage District,* 99 Miss. 739, and citations; *Salter* v. *Bolivar Co.,* Ill Miss. 867.

The only question therefore which is presented by this record is, did the board legally acquire jurisdiction in this proceeding complained of over the subject-matter and the person of complainant?

As to its jurisdiction over complainant, there can be no question, because the record shows that he appeared before the board and there presented his contentions and fully and thoroughly contested the matter and when the board decided against him, entered formal objection to its action and served notice of his intention to appeal from their judgment, but failed to do this, and chose, instead, to go into chancery and enjoin the board. By his appearance before the board and contest there made, he waived notice and also waived all objections not then made by him.

Irregularities in the proceedings cannot be set up and taken advantage of in a collateral proceeding. *I. C. R. R. Co.* v. *Swain,* 83 Miss. 631.

As to whether it acquired jurisdiction over the subject-matter in this proceeding is therefore the only material question presented for decision of the court in this cause and as to this we offer the following.

First. The statute providing for the opening of private roads does not require the petition to be in writing. See section 4411 of the Code of 1906, section 7091 of Hemingway's Code.

When Mrs. Griffis made her application to the board setting up the facts which would entitle her to have

a private road opened through complainant's land, and complainant, having received such notice as caused him to appear before the board at the meeting in which this application was to be considered in order to contest same, then the board acquired jurisdiction to pass upon her application, whether same were in writing or not. The court will note that complainant, so far as this record shows, did not then, nor did he in his bill for injunction, set up the fact that the application was not in writing or make any objection to the proceeding upon that ground. His bill does not allege that the proceeding was void because of the want of a written petition by Mrs. Griffis, asking for the opening of this road, but complainant bases his entire right to the injunction solely upon the fact that in laying out and adopting this private road, they placed it at a different place from that which he alleges that he had made a verbal agreement with individual members of the board that it should be located. His bill admits that she was entitled to have this road through his land to the new road and that he agreed to give her an outlet in his deed to the county. Hence, unless this agreement to give her an outlet was void, and was subject to repudiation by him, or unless the alleged agreement which he says he had with individual members of the board that this outlet should be located at a certain place designated by him was legal and binding upon the board and Mrs. Griffis, we submit that complainant shows no legal grounds upon which he is entitled to an injunction.

Second. The deed from A. Olsen to Grenada County recites that in consideration of one dollar and the benefits of having the road run through his land, he conveys and warrants to the county the right of way therefor and in addition thereto agrees to give Mrs. Cora Griffis an outlet to his lands to this new road. This, we submit, was a material portion of the conveyance and as much of an inducement to the county officials to make the contemplated change in the road as was the conveyance of the right

of way for the new road, because the board knew that
the county would be liable for damages to Mrs. Griffis
for damages if her road was taken from her and no out-
let afforded to her to get to the new road. This is a
well settled proposition. Hence it was not only the right,
but the duty of the board to provide for this outlet
in making the contemplated change in the public road:
In interpreting this deed, the prime purpose should be,
as held by this court in numbers of cases, to arrive at
the intention of the parties, subject, however, to the
rule that the instrument must be construed most strong-
ly against the grantor on the theory that he is presumed
to take care of his own interests. Is it not a fair in-
ference from this instrument that Olsen and the board
both intended to protect Mrs. Griffis' rights in the
matter?

The objection, therefore, that Mrs. Griffis was not a
party to the deed, is without merit. We submit that
even if this deed were void for uncertainty, as contend-
ed, yet it would operate to give Mrs. Griffis the right
to demand a private road through Olsen's land without
compensation to him, since he admitted her right to
same.

Third. No agreement made by individual members
could bind the board of supervisors, since the only
method by which the board can be bound is by official
action taken in legal session of the board, and any
agreement made otherwise by any member, or by all of the
members, for that matter, is null and void, so far as it
affects the board of supervisors acting in their official
capacity. Hence, the alleged agreement had by com-
plainant with members of the board did not bind the
board. But, even if members had the power to bind
the board in this matter by any agreements made by
them individually, yet it is a well-settled proposition
of law that all oral representations and agreements
are merged in the written contract which is conclusively
presumed to contain all agreements had and made be-

tween the parties thereto, up to and at the time of making same. *Discount Co.* v. *Fletcher, etc.*, 104 Miss. 251; *Machine Co.* v. *McCoy*, 111 Miss. 715; *Grenada Gro. Co.* v. *Tatum*, 113 Miss. 388.

While complainant's bill alleges that he has no adequate remedy at law, and that he will suffer irreparable damages, etc., yet the facts set up in said bill contradicts these allegations, and show that as a matter of fact, complainant's remedy at law was ample and complete and that his damages, if he was entitled to any in this case, could have been determined and awarded to him in such suit or proceeding. Hence, the complainant should have appealed from the decision of the board in this matter, or if his contention that the proceeding was void is correct, he could have sued the county for damages for trespass, etc., in the event the board had opened up this road. *Copiah Co.* v. *Lusk*, 77 Miss. 136; *Wofford* v. *Williams*, 110 Miss. 637; cited and approved in *Johnson* v. *Yazoo Co.*, 113 Miss. 435.

We submit, therefore, that the chancellor erred in overruling defendant's demurrer and motion to dissolve the injunction in this cause and that the cause should be reversed and said demurrer and motion to dissolve sustained and the injunction dissolved by decree of this court.

*W. S. P. Doty* and *S. A. Morrison*, for appellee.

The unconnected, independent sentence—"I agree and obligate myself to give to Mrs. Cora Griffis an outlet through my lands to the public road," an interjectional expression of good will and generous feeling for a neighbor, occurring in the conveyance of Olsen to Grenada County, is a mere nude promise to a third party, void on its face, without an element of validity as a contract or a deed, without consideration, without description, without delivery to Mrs. Griffis or any one for her, as a contract that is not even a *nudum pactum;*

as a deed, its patent ambiguity would be fatal if it possessed any other essential elements of validity, which it does not; its invalidity is so apparent we feel diffident in burdening this brief with reference to the following cases: *Bowers* v. *Anderson,* 52 Miss. 596; *Early* v. *Long,* 89 Miss. 285; *Tierney* v. *Brown,* 65 Miss. 563; Jelks v. *Barrett,* 52 Miss. 315. And yet the board of supervisors solemly determined and decreed that it is a valid contract and bases thereon its proceedings to open and establish a private road for Mrs. Griffis. Note this language in the order passed by the board to establish this road . . . "and having found that said A. Olsen has, by written deed, agreed to give the right of way for said road over his lands . . ." See Exhibit "B" of complainant's (appellee's) bill. In this proceeding, the board of supervisors seemingly, broadened its vision of power and resolved itself into a court of chancery and proceeded to construe an alleged contract and undertook to enforce it. It is too patent for argument that its proceedings were an utter nullity.          .

But if we are possibly mistaken in this position, and the court should hold that said sentence in said conveyance is valid to convey a right of way in general terms, then it is a conveyance without locating the way, and the general rule is that it rests with Olsen, as the owner of the servient estate, to locate it, unless he refused, or would only do so in a capricious, unreasonable way. But Olsen offered, and still offers, to donate a way selected by him, which is not capricious, but the logical, reasonable way. This court is in line with the general rule. In *Board of Supervisors of Lamar County* v. *Elliott,* 107 Miss. 846 (this was an implied grant of way of necessity), the court said: "It was the right of the owner when necessity therefor arose, to fix the line of the way of necessity over his land. If he failed to exercise this right, then the school trustees could have located the way." 9 Tierman on Real Property En-

larged Edition, page 577, on subject of Easements, R. C. L., page 791 and cases cited; 40 L. R. A., page 105.

If the board seeks to rely partly upon the statute for laying out private roads, for its actions in this case, as the brief for appellant in some places seems to suggest, the record fails to disclose a single proper step in the procedure expressly required by the statute, and the proceedings must likewise fall there, for under the statute, the proceedings must show affirmatively a strict compliance with the statute before the rights of the landowner can even de disturbed. *Craft* v. *DeSoto Co.,* 79 Miss. 618; *State* v. *Morgan,* 79 Miss. 659; Cooley's Constitutional Limitations (6 Ed.), page 648 (under head of Eminent Domain).

It is well settled in law that injunction is the proper remedy to prevent unauthorized order to lay out right of way over land. 13 R. C. L., page 21; Cyc., page 757.

The whole record in this proceeding by the board suggests that the board, burdened with care over the fact that it had cut a landowner off of the public road is, unconsciously, perhaps, but over anxiously willing to cast this burden onto the shoulders of an innocent, adjoining landowner, by its endeavor to proceed upon so slight a pretext of right, to open and establish a private way over appellee's lands, to his irreparable injury and damage in order to give the cutoff party a private road at the expense of an unoffending landowner and this in the face of a fair, generous attitude on his part.

Appellee submits that the judgment of the learned chancellor in the court below should be affirmed.

SYKES, J., delivered the opinion of the court.

The appellee, A. Olsen, filed a bill of injunction against the board of supervisors of Grenada county to restrain the board from opening up a private road through the plantation of appellee, which road had been located and

ordered opened up by an order of the board of supervisors. The bill in substance alleges: That the appellee is the owner in fee of the land through which the private road is to run. That he had previously by deed given to the county a strip of land to relocate the public road which had been changed from its old location by order of the board. That in this deed to the board was the following language:

"I agree and obligate myself to give Mrs. Cora Griffis an outlet over my lands to the public road."

That because of the. change in location of the public road Mrs. Griffis had no outlet to same. That he pointed out to several members of the board of supervisors the outlet over his lands he was willing to give Mrs. Griffis. That the private road located by the order of the board of supervisors does not follow the route he intended giving Mrs. Griffis, but goes through the fertile cultivated lands and does him irreparable damage.

That the board of supervisors against his consent and over his protest issued the order to open up the private road, giving the outlet to Mrs. Griffis. That his deed to Grenada county made Exhibit A. to the bill does not contain any ground or authority to empower the board of supervisors to go and lay out this road over his lands at any place they may see fit and in the total disregard of his legal rights. That, if the said board has any right whatever under said agreement to lay out said outlet for Mrs. Griffis, it only had the right to lay out the said route as the appellee agreed upon and is willing for it to lay out, and that said board is absolutely without authority of law or right to thus illegally invade his premises and to lay out such way as it has proposed in the order it has issued Exhibits to this bill are copies of the deed from appellee to Grenada county giving it the right of way for the public road, which deed also contains the clause quoted in the bill; also, the order of the board of supervisors. This order of the board recites, among other things,

that the question of the location of the private road through lands of appellee from the property of Mrs. Griffis came on to be heard, and that appellee was present both himself and by attorney and presented arguments and contentions to the board in the premises. We will now quote the material part of this order:

"And the board being advised in the premises, ana having found that the said Olsen has, by written deed, agreed to give the right of way for said road over his lands, and being of the opinion that it is to the best interest of the county that said road be located as herein provided."

The order then goes on to locate the road. The county filed a demurrer to this bill which was overruled. The second ground of the demurrer is:

"Because the bill shows on its face that the complainant is not entitled to the relief prayed for."

A temporary injunction was granted appellee. This appeal is prosecuted from the decree overruling the demurrer, to settle the principles of the case.

It is the contention of the appellee in this case: That the order of the board of supervisors laying out this road is void because it is based upon the clause contained in the deed from him to Grenada county reading as follows:

"I agree and obligate myself to give Mrs. Cora Griffis an outlet through my lands to the public road."

That this is a mere naked promise, void on its face, without an element of validity as a contract or deed. That, if considered as a deed, it is void because of the patent ambiguity therein; there being no valid description of the right of way.

The contention that the order of the board of supervisors is void because the clause in the deed is void, conceding that it is for the purpose of this opinion, by no means follows. The order of the board of supervisors does not show that it is based upon this deed. Section 170 of the Constitution gives the board of

supervisors jurisdiction over this subject-matter. The order of the board shows that the appellee appeared both in person and by counsel; therefore the board of supervisors had jurisdiction of the person of appellee. The board having thus obtained jurisdiction of the subject matter and person, its order was not void. The attack upon this order by the bill is merely an attack for irregularities, the contention really being that the order should be enjoined because there was no testimony to sustain it. The only way appellee could have taken advantage of this matter was by direct appeal from the order. *Strathan* v. *Board of Supervisors of Attala County,* 91 Miss. 529, 44 So. 857; *Wolford* v. *Williams,* 110 Miss. 637, 70 So. 823. *Johnson* v. *Yazoo County,* 113 Miss. 435, 74 So. 321.

The demurrer should have been sustained.

*Reversed and remanded.*