THOMAS CRAFT, JR., v. DeSOTO COUNTY.

1. BOARD OF SUPERVISORS.    *Roads.*    *Code* 1892, § 3892.    *Jurisdiction.*
   *Record.*

   Boards of supervisors in laying out and opening public roads, under
   code 1892, § 3892, providing for such proceedings, exercise a special
   statutory authority, and it is essential to the validity of their pro-
   ceedings that the jurisdictional facts appear of record.

2. SAME.    *Petitioners.*

   Unless it appears of record that a requisite number of the petitioners
   for the laying out and opening of a public road are freeholders or
   householders of the county, the proceedings will be void.

3. SAME.    *Waiver.    Jurisdictional facts.*

   Jurisdictional facts cannot be waived.    *Sullivan* v. *LaFayette County,*
   58 Miss., 790, explained.

FROM the circuit court of DeSoto county.

HON. PERRIN H. LOWREY, Judge.

Appeal by Thomas Craft, Jr., from a judgment of the circuit
court affirming a decision of the board of supervisors of DeSoto
county.

At the November, 1900, meeting of the board of supervisors
of DeSoto county, J. N. Brown and fifty-nine others filed a pe-
tition with said board for the opening of a county road from
Olive Branch, three miles west, between sections 28 and 33, 29
and 32, 30 and 31. Said petition did not show that the sign-
ers thereof were freeholders or householders of said county.
Appellant, Craft, resisted the granting of the petition. At the
December meeting of said board the petition was granted, and
commissioners appointed to view and, if practicable, lay out
the road. This order directing commissioners to view and, if
practicable, lay out the road from Olive Branch, running three
miles west, reads, "between sections 28 and 33, 29 and 32, 31
and 32," instead of between 30 and 31, as the petition read.

The road, however, was laid out as asked in the petition, as shown by the report of the commissioners, which report was at a subsequent meeting of the board approved, and appellant, through whose land the road ran, was allowed $50 damages. Section 3892 of ch. 117 of the code of 1892 is as follows:

"HOW ROAD LAID OUT OR CHANGED.—When any person shall desire to have a public road laid out, altered, or changed, a petition shall be presented to the board of supervisors of the county, signed by ten or more freeholders or householders of the county interested in the road, setting forth the commencement and termination, and general course thereof, and that the public interest or convenience requires the road to be laid out and opened, or altered or changed, as shown in the petition; and the petitioners, if not owners of the land through which the road runs or is proposed to be run, shall give five days' notice to the owners of the land, in person or by leaving the same at their residence, if they reside in the county, or, if the owners be nonresidents of the county, by putting up the notice in some conspicuous place on the land through which the road runs, or is proposed to be run; and thereupon the board of supervisors shall hear the parties, and if it determine that the prayer of the petitioners ought to be granted, in whole or in part, it shall appoint a committee of two members, of districts other than that of the road, or proposed road, which shall examine and view the contemplated route of the road, and, if they find the same practicable, they shall lay out and mark the road, or the alteration or change, and report their proceedings, in writing, to the board at its next meeting."

Appellant, Craft, excepted to the entire action of the board in the premises on the following grounds: That the record does not show that ten or more of the signers of the Brown petition were freeholders or householders; that the commission directed the road to be laid out in part between sections 31 and 32, when in fact it was laid out between sections 30 and 31; that only three members of the board went upon the land to assess the

damages sustained by Craft, and that the damages were inadequate. An appeal was taken by Craft to the circuit court, where the action of the board of supervisors was affirmed, and Craft prosecutes this appeal to the supreme court.

*Farley & Lauderdale,* for appellant.

The board of supervisors is a court created by statute, and is an inferior court with limited and special jurisdiction, and especially is this so when acting in cases of "eminent domain proceedings," as the board was in this case. This being true, all the facts which give the board jurisdiction of the subject-matter must appear affirmatively on the face of the record. No presumptions arise in its favor; and this is true in regard to superior courts exercising special statutory power. 12 Am. & Eng. Ency. Law, 270 *et seq.* "Eminent domain proceedings" are special proceedings, and are not actions. 7 Am. & Eng. Ency. P. & Prac., 467, and notes. In note 4, a Vermont case cited, we have this language: "The proceedings in laying out highways and assessing land damages are assimilated to session proceedings, and are not according to the course of the common law, etc." Also, see Id., pages 468, 469, where we have this language: "The fact that all the essential prerequisites of the statute have been complied with, and all the statutory steps taken, must appear on the face of the proceedings, or they will be void."

The circuit court erred in not sustaining our first exception to the action of the board of supervisors, because the petition of Brown *et al.* nowhere shows that any of the signers of the petition were citizens of DeSoto County, Miss., nor that any of them were freeholders or householders—the one essential thing to give the board jurisdiction of the land and persons involved in this case. Code 1892, § 3892. That these conditions must be strictly complied with, and that they must appear on the face of the record, see above quoted authorities; see, also, *White* v. *M. B. & A. R. R. Co.,* 64 Miss., 566; *Levee Commissioners* v.

*Allen,* 60 Miss., 93; *Madden* v. *L., N. O. & T. Ry. Co.,* 66 Miss.,
258.

*R. L. Dabney* and *W. H. Moody,* for appellee.

If the Board of supervisors is not a court of general jurisdic-
tion, as distinguished from a court of limited and special juris-
diction in road matters, then the failure of the record to show
affirmatively that at least ten of the signers of the Brown peti-
tion were householders and freeholders is fatal, unless this de-
fect is cured by ·Craft having entered his appearance in the
supervisors' court; and not having raised the question then,
being estopped from raising it for the first in the circuit court,
where the trial was not *de novo,* but on the record.

It was argued in the circuit court that, while the board of
supervisors was a court of general jurisdiction, under the con-
stitution of 1869, when dealing with roads, ferries and bridges,
that it ceased to be a court of general jurisdiction, under the
constitution of 1890, because while sec. 20, art. 5 of the
former gives it full jurisdiction of these matters, the latter
instrument, while using the· same language, has this qualifica-
tion: "to be exercised in accordance with such regulations as
the legislature may prescribe." Sec. 170, Const. of 1890.· I
submit this position is not tenable: The fact that a court, de-
riving its jurisdiction from the constitution, is controlled in its
form of procedure by legislative enactment, does not render it
any less a court of general jurisdiction in its dealings with those
matters of which no other court has jurisdiction.

In *Lester* v. *Miller,* 76 Miss., 317, this court says that "the
board of supervisors was exercising a limited and special juris-
diction" in ordering a local option election, and, therefore, it
was necessary for the record to show the necessary jurisdictional
facts; but in *Boliver County* v. *Coleman,* on page 836, vol. 71,
this language is used: "The presumption does arise in favor of
judgments of courts of general jurisdiction, proceeding within
the general scope of its powers, but there is no such presumption

in favor of judgments of inferior courts exercising a special jurisdiction in a particular manner prescribed by the authority from which the power to act is derived."

But even if mistaken in this, Craft was estopped from raising in the circuit court for the first time objections which he had an opportunity to raise, and did not, in the supervisors' court. *Sullivan* v. *Board of Supervisors,* 58 Miss., 790; *Ames* v. *Williams,* 72 Miss., 760.

TERRAL, J., delivered the opinion of the court.

The authority of the board of supervisors, under ch. 117, code 1892, to lay out and open public roads, is a special statutory authority, not according to the course of the common law, and it must be strictly pursued. In such case it is essential that the jurisdictional facts appear of record, and, unless they so appear, the proceeding will be void. 7 Enc. Pl. & Prac., 467 *et seq.*; 12 Am. & Eng. Enc. Law, 271; *White* v. *Railroad Co.,* 64 Miss., 566 (1 So. Rep., 730); *Board* v. *Allen,* 60 Miss., 93; *Madden* v. *Railway Co.,* 66 Miss., 258 (6 So. Rep., 181). There is nothing in the record to show that ten of the persons who signed the petition for the laying out and opening the road in this case were freeholders or householders of DeSoto county, and such fact is necessary to give validity to the proceeding. It is contended that objections not made before the board of supervisors are waived, for which *Sullivan* v. *Lafayette Co.,* 58 Miss., 790, is cited. The record in the Sullivan case showed the jurisdictional facts, and the matters there said to be waived were not of that character, and the ruling there is not pertinent here.

*Reversed and dismissed.*