WIRT ADAMS, STATE REVENUE AGENT, *v.* FIRST NATIONAL BANK OF GREENWOOD.

[60 South. 770.]

1. TAXATION. *Assessment. Back taxes. Power board supervisors. Judgment. Presumptions on collateral attack. Inferior courts. Injunction. Adequacy of legal remedy.*

Under Code 1906, sections 4277-4740, the board of supervisors has no authority to assess property for back taxes, its province being in such matters to approve or disapprove of the assessment made.

2. SAME.

A board of supervisors being a creature of statute, endowed with special powers, and created for special purposes, can exercise only such powers as are expressly conferred by statute or which are necessarily implied.

3. JUDGMENTS. *Inferior courts. Presumptions on collateral attack.*

> Nothing is presumed in favor of the judgment of a court of inferior or limited jurisdiction as against a collateral attack but the record of its proceedings must show on its face that the court rendering the judgment had jurisdiction, both of the person and subject-matter.

4. INJUNCTION. *Adequacy of legal remedy. Demurrer.*

> While a judgment, void for want of jurisdiction over the subject-matter, may be enjoined in equity, still where the party complaining is in a court of competent jurisdiction with adequate power to fully try and dispose of the case including refusal to permit the use of a void judgment in the pleadings or in evidence, it is not necessary to ask the assistance of equity and in such case a demurrer to the bill of complaint should be sustained.

APPEAL from the chancery court of LeFlore county. HON. M. E. DENTON, Chancellor.

Suit by Wirt Adams, state revenue agent, against the First National Bank of Greenwood. From a decree sustaining a demurrer to the bill of complaint, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Cutrer & Johnston,* attorneys for appellant.

If the order of the board of supervisors complained of is clearly void upon its face, and we frankly state that we are of the opinion that it is, there would then be no necessity for the prosecution of this cause before the chancery court, inasmuch as the plain remedy would be to object to the introduction of the order on the trial of the cause in the circuit court, but no lawyer, however careful he may be, can state with absolute certainty what view a court will take of a matter of this kind. As above stated we say frankly that in our judgment the order complained of is void on its face for the reason that there is nothing in the order to show jurisdiction in the court.

The power of the board to make assessments is statutory, being conferred by section 4303 *et seq.* of the Code

of 1906. Hence the record of the board of supervisors
in matters relating to the approval or disapproval of as-
sessment rolls is governed by the rule of law applicable
generally to courts of special and limited jurisdiction,
which rule of law is that the jurisdictional facts must
appear in the face of the record. *Garner* v. *Webster
County,* 79 Miss. 568; *Craft* v. *DeSoto County,* 79 Miss.
618; *Morgan* v. *State,* 79 Miss. 659; *White* v. *M. B. & A.
R. R.,* 64 Miss. 571; 23 Cyc. 1082 and note.

Our contention is that the order of the board should
have shown that there was pending before it a matter
relating to the additional or back assessment of the prop-
erty of the First National Bank, theretofore made by a
competent authority and up for approval or disapproval
and that without this showing nothing can be presumed
in favor of the judgment, and even in the absence of
proof of the fact that there was no such matter pending,
the order will be held void, but however this may be, in-
asmuch as it is not possible to determine what view of
this question the learned judge of the trial court will take
and, apprehending that it is possible, though we cannot
conceive that it is probable, that the judge of the circuit
court might hold the order complained of to be a valid
order, we insist that the chancery court should have over-
ruled the demurrer, tried the cause on its merits, and
if upon full trial it should be shown that the order of
the board was taken as the result of a fraud perpetrated
upon the board, or that the order was the result of col-
lusion between the board of supervisors of Leflore county
and the First National Bank to defraud the state, county
and levee board of taxes, or that the board was without
jurisdiction to pay the order, or that the order is void
for any other reason, then the court should so decree
and should by its decree forbid the use of this order by
the guilty parties in any proceeding whereby it is sought
to require of them their *pro rata* of the taxes necessary
to maintain the government.

We further submit that even should there have existed
in the mind of the chancellor who tried this cause in the
court below, as to the validity of the order complained
of, he should then have entertained the cause for the pur-
pose of determining definitely the question of the validity
of the order.

*Whitfield & McNeil,* attorneys for appellee.

The arguments counsel make in attempted support of
jurisdiction, based on their apprehensions, etc., etc., dis-
close plainly their consciousness of the want of jurisdic-
tion. Counsel says that the relief prayed for by this bill
is merely auxiliary to or in addition to the suit at law.
He refers to those cases like actions of ejectment in
which a defective instrument is corrected pending the
ejectment proceedings. We do not perceive any analogy
between cases of that kind and this, but we shall know
later that this is no auxiliary proceeding, nor do we find
any authority in the Code sections referred to, or in the
chapter on the revenue agent conferring upon the reve-
nue agent any specific authority to file any such bill as
this. We have not been pointed to any statute authoriz-
ing this sort of bill on the part of the revenue agent.
The right of the revenue agent to procure an appeal from
an order of the board of supervisors is, of course, clear
under *State Revenue Agent* v. *Clark,* 80 Miss. 134. That
is obvious, the revenue agent remaining in the lower
court.

Counsel simply says in broad and sweeping language
the revenue agent must, of necessity, have the power to
maintain this bill as necessary to the prosecution of the
main litigation, but if, as he contends, this order is null
and void, of course, it at once appears that there is no
necessity for such a bill as this, the remedy at law being
ample.

*Adams* v. *City of Clarksdale,* 95 Miss. 99, treats the
proposition that, if this order be, as counsel earnestly

insists it is, an absolute nullity, this bill cannot be maintained. In that case, there had been an order made on the 3rd of March, 1908 by the mayor and board of aldermen, and on the 5th day of May, 1908, that board passed another ordinance annulling the first order of March 3, 1908. In the bill which was filed, it was asked that the second order be cancelled as a nullity, the precise prayer we have in this bill.

At page 99 the court said: "Since the action of the board was a nullity, it would be useless to require the board to expunge from its record that which has no legal force or effect; for this reason alone the demurrer filed by the city should be sustained, and the petition dismissed as to it."

This announcement is squarely in point here, and decisive of the proposition as to the demurrer and the action of the court in sustaining it and on counsel's own theory that the order is null and void on its face.

Argued orally by *O. G. Johnston,* for appellant and *A. H. Whitfield,* for appellee.

REED, J., delivered the opinion of the court.

On December 7, 1909, the board of supervisors of Leflore county assessed the First National Bank of Greenwood for certain back taxes. The state revenue agent filed a bill to enjoin the bank from using this order upon the trial in the circuit court of Leflore county of an appeal from an order of the board of supervisors, made January 4, 1910, rejecting the assessment of back taxes against the bank, made by the tax collector of the county.

The prayer of the bill also asked that the order of the board, made December 7, 1909, be decreed to be void, because it was fraudulently obtained, and because it was rendered without authority of law, and at a time when no valid assessment was pending before the board.

It is alleged in the bill that the revenue agent wrote to the bank, stating that it appeared that the bank had not

been assessed for sufficient amount in certain years, and suggested a conference with the bank relative to the proper amounts for these years, and that the bank agreed to take the matter up with him at some convenient time; that before this conference could be had, and without notifying the revenue agent, the bank appeared before the board of supervisors and obtained the order purport- ing to assess it with back taxes.

The bill charges that the order was obtained in fraud- ulent violation of agreement with the revenue agent, and on false and fraudulent representations of the bank as to the value of its stock that at the time of the order the assessment rolls were in the hands of the sheriff and tax collector, and that he was the only officer authorized by law to make the assessment against the bank for back taxes and that no assessment was made by him. The or- der which appellant claims is void is as follows:

"This day came on to be heard the matter of the addi- tional assessment of the First National Bank of Green- wood, Mississippi, for the years 1905, 1906, 1907 and 1908; and it appearing to the board that said bank has escaped taxation for said years, by reason of not being assessed said years for the proper amounts for each of said years, and it appearing to the board after investiga- tion and examination that additional assessments for each of said years, as hereinafter set forth, would be a rea- sonable and proper personal assessment for each of said years for said bank, and said bank having agreed to pay the taxes on said amounts for each of said years, in set- tlement of said additional personal assessment:

"It is therefore ordered by the board, all parties con- senting and agreeing thereto, that said First National Bank be and is hereby assessed with the following amounts as an additional assessment for each of said years, to-wit: For the year 1905, $5,150; for the year 1906, $2,000; for the year 1907, $4,300; for the year 1908, $2,000.

"It is further ordered by the board that the tax collector of this county, be and he is hereby directed to, assess said bank for each of said years for said personal assessment, as hereinbefore mentioned, as additional assessments, as the law directs.

"It is further ordered that upon the payment by said bank of the taxes on each of the said additional personal assessments, as hereinbefore mentioned, that said bank be and is hereby released and discharged from any and all liability on account of the non-payment of taxes for each of said years, as hereinbefore mentioned."

We will consider the sufficiency of the order in which the board of supervisors has attempted to assess the bank with back taxes.

Did the board have jurisdiction to pass this order? Are the jurisdictional facts shown in the order, which is the record of the proceedings of the board relative to the assessment of the bank for back taxes?

No power is given to the board of supervisors by the statute to assess property for back taxes. Section 4277, of the Code of 1906 authorizes the assessor, when he shall discover that persons or property have escaped taxation in former years, to assess such persons and property for such years, and to place the assessment on his assessment roll for the current year. Section 4740 of the Code of 1906 authorizes the state revenue agent, when he discovers that any person, property, or business has escaped taxation in former years by reason of not being assessed, to give notice, in writing, to the tax collector, who shall make the proper assessment by way of additional assessment on the roll or tax list in his hands. The tax collector is required to give ten days' notice, in writing, to the person or corporation whose property is assessed, and to also notify, in writing, the board of such assessment. All objections to such assessment shall be heard at the next meeting of the board. The revenue agent may appear at the meeting, and an appeal may be

taken from the order of the board, approving or disapproving such assessment by either party. If, at the time when the revenue agent discovers property which has escaped taxation, the assessment rolls are in the hands of the assessor, the notice shall be given to the assessor; and he shall make the assessment and give the notice as provided to be done by the tax collector.

It will be seen that the province of the board is to approve or disapprove the assessment. The board is acting under statutory authority in the matter. Its jurisdiction is limited.

In the case of *Jefferson County* v. *Grafton*, 74 Miss. 435, 21 South. 247, 36 L. R. A. 798, 60 Am. St. Rep. 516, in discussing the exercise of powers of the board of supervisors, WHITFIELD, J., said: "And the course of judicial decision in this state holds them to the strictest limitations of their powers." And that learned judge cited and approved the following from 4 American & English Ency. Law, p. 375: "Being creatures of statute, endowed only with special powers, and created for special purposes, they can exercise only such powers as are expressly conferred by statute, or which are necessarily implied." He also, in his opinion, made the following quotation from *West Carroll* v. *Gaddis*, 34 La. Ann. 928: "Creatures they are, wholly dependent upon and controlled by their creator; they have no life, no attribute, no power, no rights, no obligation, but such as have been conferred or imposed upon them."

The board of supervisors having only limited jurisdiction, and only jurisdiction touching back tax assessments when such assessments are made in the manner provided by statute, by either the tax collector or the county assessor, its order, containing the record of what was done by the board in the matter of a back tax assessment, must set out sufficient facts to show that it had jurisdiction of the person and the subject-matter.

The rule in reference to judgments in courts of inferior or limited jurisdiction, showing jurisdictional facts, is

stated in 23 Cyc. 1082 as follows: ''Nothing is presumed in favor of the judgment of a court of inferior or limited jurisdiction as against a collateral attack; but the record of its proceedings must show on its face that the court rendering the judgment had jurisdiction both of the person and subject-matter.'' *Steen* v. *Steen,* 25 Miss. 513.

In the case of *Shaffarans* v. *Terry,* 12 Smedes & M. 690, SHARKEY, J., in discussing this subject, said: ''In regard to the effect of recitals of jurisdictional facts, a distinction is to be observed between courts of general jurisdiction and courts of limited jurisdiction. As to the former, ever presumption is in favor of the regularity of their proceedings while in regard to the latter everything must appear regular on the face of the record.''

In the case of *Grignou* v. *Astor,* 2 How. (43 U. S.) 319, 11 L. Ed. 283, in drawing the distinction between a court of general jurisdiction and a court of limited jurisdiction, BALDWIN, J., said, referring to the latter class of courts: ''A court which is so constituted that its judgment can be looked through for the facts and evidence that are necessary to sustain it to show jurisdiction and its lawful exercise is of the latter description. Every requisite for either must appear on the face of their proceedings, or they are nullities.''

In *Hinton* v. *Perry County,* 84 Miss. 546, 36 South. 567, in discussing the authority of the board of supervisors of that county to order a certain election in accordance with the act of the legislature, CALHOUN, J., stated: ''Its jurisdiction being in this matter limited, the minutes must show that the jurisdictional facts were found to exist.''

In *Craft* v. *De Soto County,* 79 Miss. 618, 31 South. 204, TERRALL, J., referring to the authority of the board to open public roads under an act of the legislature, said that the authority must be strictly pursued, and it is essential that the jurisdictional facts appear of record; and, unless they so appear, the proceedings will be void.

Now, what are the jurisdictional facts which should be stated in the order? As shown in section 4740 of the Code of 1906, the board could only act upon the assessment—approve or disapprove it—when such assessment was properly made by either the tax collector or the assessor,, and after due notice had been given thereof. The record of what the board did in the matter, to be introduced in another court, should show that the assessment had been made by the proper officer, and that due notice thereof had been given.

The order, before us does not state these facts. On the other hand, the order plainly states that the board ordered the tax collector of the county to make the assessment. Such direction could only be given to the tax collector by the state revenue agent. It is plain that the board had no jurisdiction to act upon the assessment until it was made by the proper officer, and notice given of the hearing. There is nothing in our scheme for back tax assessments which provides for such assessment as appears to have been made in this case. Nothing can be presumed in favor of the order. Its statements are not sufficient to show that the board had jurisdiction.

It was not in the exercise of general jurisdiction that the board of supervisors acted in this case, but in a limited and special jurisdiction, to be exercised in a particular manner, as prescribed by section 4740; and, as stated by the court in *Bolivar County* v. *Coleman*,, 71 Miss. 832, 15 South. 107, "the requisite facts to show this special jurisdiction and its lawful exercise must appear of record."

The order in this case, which is the record of the proceedings and action of the board in the matter; failing to show the necessary jurisdictional facts, is void, and will not be a proper defense for the appellee upon the trial in the circuit court.

While a judgment, void for want of jurisdiction over the subject-matter, may be enjoined in equity, in this
103 Miss. 48

case, seeing that the party complaining is, by his appeal, in a court of competent jurisdiction, with adequate power to fully try and dispose of the case, including refusal to permit the use of the void judgment in the pleadings or in evidence, we do not believe it was necessary to ask the assistance of equity and, for the reasons shown herein we cannot reverse the chancellor for sustaining the demurrer, and he is affirmed.

*Affirmed.*