ADEN et al. v. BOARD OF SUP'RS OF ISSAQUENA COUNTY.*

(Division A.  March 29, 1926.  Suggestion of Error Overruled April 26, 1926.)

[107 So. 753.  No. 25520.]

HIGHWAYS.  *Board laying out and opening highway must find jurisdictional fact that ten of signers of petition were freeholders or householders of county (Code, 1906, section 4400, Hemingway's Code, section 7080).*

For validity of order of board of supervisors laying out and opening highway, the necessary jurisdictional fact, under Code 1906, section 4400 (Hemingway's Code, section 7080), that ten of petitioners were freeholders or householders of the county must be found by the board; nothing being presumed in favor of their jurisdiction, and recital in the petition not being enough.

*Corpus Juris-Cyc. References: Counties, 15 C. J., p. 466, n. 12. Highways, 29 C. J., p. 402, n. 18, 19; p. 403, n. 47; p. 416, n. 41; p. 417, n. 49; p. 464, n. 83, 85; p. 466, n. 37.

APPEAL from circuit court of Issaquena county.
HON. E. L. BRIEN, Judge.

On *certiorari* by Mrs. Lizzie Aden and others, the circuit court confirmed the action of the board of supervisors of Issaquena county in laying out and opening a road, and petitioners appeal.  Reversed and remanded.

*Clements & Wright,* for appellants.

The record of the board of supervisors must show affirmatively every jurisdictional fact.  *Bolivar County v. Coleman,* 71 Miss. 836; *Sullivan v. Board of Supervisors,* 58 Miss. 790; *Craft v. DeSoto Co.,* 79 Miss. 618; *State v. Morgan,* 79 Miss. 659; *Lester v. Miller,* 76 Miss. 309.

This record does not show affirmatively that the petition was signed by ten or more freeholders or house-

holders interested in the road, nor does the order of the board show that this was determined by the board. The order of the board does not adjudicate the necessity for the road or that the public interest or convenience required it to be laid out.

There was no notice to landowners five days before the regular March meeting; therefore, no action could be taken on an adjourned day of that meeting. *Dees* v. *State*, 78 Miss. 254; *Willsford et al.* v. *Meyer Kiser Corp.*, 104 So. 294; *Leak* v. *Commonwealth* ,(Pa.), 9 Watts 200, 29 C. J., p. 435, sec. 97; 15 C. J., pp. 462, 886, 11 Cyc. p. 737; 1 Words & Phrases, p. 114; *Beatle* v. *Roberts* (Ia.), 137 N. W. 1006, 1008; *Green* v. *Town of Irvington*, 73 Atl. 602, 81 N. J. Law 723; 7 R. C. L., p. 941, sec. 17.

No presumption will be indulged in of the correctness of the act of a court of limited jurisdictions. *Bolivar County* v. *Coleman*, 71 Miss. 836. If the board had no jurisdiction, certainly the circuit court had none. *Copiah County* v. *Lusk*, 77 Miss. 136.

The recital in the judgment would probably be sufficient to uphold the judgment if the record were otherwise silent on the service of summons. *Fire Ins. Co.* v. *Sayle*, 107 Miss. 180; *Watkins Machine Co.* v. *Cincinnati Rubber Co.*, 96 Miss. 618.

*Brunini & Hirsch* and *E. N. Scudder*, for appellee.

It is well to analyze this petition and see what the complainants, the Adens, charged to avoid and nullify the action of the supervisors. Here they are:

I. That the petition of the freeholders and householders "does not show that it is signed by ten or more freeholders or householders of Issaquena county interested in this road."

On this point the petition of the freeholders and householders speaks for itself: "And your petitioners, undersigned, *would show that they and each of them is in-*

*terested in said road,* and that the public interest and convenience require the said road to be laid out and opened as a public road or highway from said commencement to said termination, in said general course or direction as prayed for.

"The signers of this petition who owned land through which said proposed road runs, are each to give the necessary right-of-way through his land to construct and maintain the above road petitioned for.

"Petitioners would further show *that they are freeholders and householders of said county of Issaquena,* and desire the said road to be laid out and opened as prayed for according to law and of the necessary width."

To this petition is appended the signatures of. thirty-seven freeholders and householders.

II.   That said petition of the said free holders and householders, "does not show that five days' notice was given the owners of the land through which said proposed road was intended to be laid out or opened as required by the law of Mississippi." This is true. The petition does not so show. The statute does not require the petition to show it. Section 7080, Hemingway's Code as amended by chapter 282, Laws of 1924.

Note that only after the petition is presented, is it required that petitioners "shall give five days' notice, etc.;" not "shall have given five days' notice before the presentation of the petition." "*Shall*" denotes the future. See *Merchants Gro. Co.* v. *Merchants Trust & Banking Co.,* 119 Miss. 99.

Can there be any doubt in the mind of any one, whether he be layman or lawyer, that the notice would have been good if it had been given either by the supervisors or the petitioners through the sheriff? But, as we have heretofore shown, it was given by both. May we ask what more could have been done? Was not more done than the statute required? Every single property owner was served by the sheriff on March 4, 1925, more than five days before the day fixed for the hearing of the petition.

III.  The next contention of the appellants is, "that as shown by Exhibit D to this petition the board of supervisors of Issaquena county adjourned until March 11, and ordered notice to the landowners to be given to appear on that date, which said meeting on March 11 is a continuation of the regular March meeting, 1925."

All that is true.  The charge, however, is simply the recital of a fact.  Nowhere in the petition for *certiorari* will be observed a charge that those facts render the proceedings or actions of the supervisors void, but appellants in their brief so contend.  Appellants say that the proceedings of the supervisors are void because the notice was not served five days prior to the first day of the March term, 1925.

The return day, or the appearance day, or the day fixed for the hearing, whatever it may be called, in all proceedings of the courts of commissions and of other bodies is purely statutory.  29 C. J. 435.  In Pennsylvania a writ may be returnable to the last as well as the first day of a term.  *Ewing* v. *McNair,* 2 Dall. (U. S.), 269; 1 L. Ed. 377.

Section 7080, Hemingway's Code, makes it obligatory to give five days' notice to the owners of the land, but it stops right there.  It does not say five days before a meeting of the board of supervisors, but simply requires that the owners be given five days' notice.

As the statute fixed no return day, the property owners, having been given the five days' notice prescribed, to appear at a certain hour and place, have had their day in court.

IV.  The next contention is, "that at said adjourned meeting, March 11, 1925, the board entered an order which is Exhibit D to this petition, which does not adjudicate, *even if their notice was sufficient,* that the said petition was signed by the required number of qualified petitioners as provided by the laws of Mississippi and which said order further shows that the only notice of your petitioners was to the said adjourned meeting; to-

wit: March 11, 1925, *and which said order does not adjudicate, nor determine, nor find any of the jurisdictional facts necessary to confer jurisdiction on the board of supervisors for the laying out of said road as provided by the laws of Mississippi,* but under said order appointed a commission to view- the proposed ;or contemplated route and report to the April meeting of the board.''

This court will bear in mind that the first contention was that the petition did not show that it was signed by ten or more freeholders or householders of Issaquena county. Appellants by this last contention seem to think that the fact that the petition was signed by ten or more freeholders must not only appear in the petition, but that the supervisors had to examine the history of each person who signed the petition to know whether he was really a freeholder or householder and to spread its finding on the minutes of the board; and that the recital in the petition and the acceptance thereof by the supervisors was wholly insufficient in that a finding on the subject should appear in the minutes.

In this case the petition itself was recorded on the minutes and the statute nowhere puts upon the supervisors the duty to make their finding or adjudication that the petitioners were actually freeholders or householders, appear upon their minutes.

Now, in reference to the jurisdictional facts, appellants, no doubt, have confused in their minds the law on this point. The authorities all hold that the jurisdistional facts, must appear in the "record," not in the "minutes." It is sufficient if the jurisdictional facts appear in the "record" and commencing with the qualification of the signers of the petition, every jurisdictional fact appears in the "record." If the jurisdictional facts appear in the "petition," that meets all of of the requirements of the statute and of the authorities. In support of this contention, see *Craft* v. *DeSoto County,* 79 Miss. 618, and *State* v. *Morgan,* 79 Miss. 659. See also section 7080, Hemingway's Code.

It will be observed that the board did determine that the prayer of the petition ought to be granted and it did appoint two of its members, the order using almost the exact wording of the statute.

COOK, J., delivered the opinion of the court.

On the 3d day of March, 1925, there was filed with the board of supervisors of Issaquena county a petition praying for the laying out and establishment of a public road over a route therein particularly described. This petition recited that the petitioners were freeholders and householders of said county of Issaquena, and it contained the names of thirty-seven signers. Upon the filing of this petition it was spread on the minutes of the board of supervisors, and on the same day an order was passed by the board directing the issuance and service of process on the owners of land through which it was proposed to lay out the road, to show cause why the prayer of the petition should not be granted. This order directed that this process should be returnable before the board of supervisors on March 11, 1925, and afterwards, by an order entered on its minutes, the board adjourned the regular March, 1925, meeting to Wednesday, March 11, 1925, for the sole purpose of hearing the petition in question. Process for the landowners was issued as directed, and it was executed and returned by the sheriff, and on March 11, 1925, the board of supervisors convened and passed the following order:

"There came on for hearing the petition of the W. W. Gary Lumber Company, J. J. Hughes, Dr. J. B. Benton, C. C. Tye, and .others, as copied and set out in the minutes of the board of the regular March meeting in minute book K, pages 173 and 175, and which petition prays this board to lay out and open a public road or highway, as described in said petition, and, there being no counter-petition filed, the board heard the parties for the petition, and, there being no parties against the petition, it is the deliberate opinion and determination of

the board that the prayer of the petition ought to be
granted as prayed for; and further finding that the
property owners through whose land the proposed road
is to run have been duly and legally served with notice
to show cause why the prayer of said petition should
not be granted

"And it is therefore ordered that the prayer of said
petition be granted, and that W. H. Brown and George
F. Crozier, two members of this board, of districts other
than that in which the proposed road is to be located, are
hereby appointed a committee to examine and view the
contemplated route of the road, and if they find the same
practicable, they shall lay out and mark the road and re-
port their proceedings in writing to the regular April
meeting of this board."

Further proceedings were had by the commissioners
appointed to examine the contemplated route of the
road, and to lay out and mark the same if found to be
practicable, and, upon the coming in of the report of
these commissioners at the regular April meeting of the
board of supervisors, it was ratified and confirmed.
Thereafter, the appellants, who were owners of land
through which the proposed road ran, and who were not
parties to the petition, filed their petition for a writ of
*certiorari,* and the same was granted by the circuit
judge. Upon the trial of the cause upon the record of
the board of supervisors, the circuit court enteied its
order denying the relief prayed for under the *certiorari*
and affirming the action of the board of supervisors, and
granted this appeal.

There are numerous objections urged to the proceed-
ings of the board of supervisors, but it will be necessary
to consider only one, and that is that the order of the
board of supervisors granting the prayer of the peti-
tion and directing the laying out of the road does not
affirmatively show the necessary jurisdictional facts.

Under section 4400, Code of 1906 (section 7080, Hem-
ingway's Code), when a public road is laid out, altered,
or changed, it is required, among other things, that a

petition therefor shall be filed with the board of supervisors of the county, signed by ten or more freeholders or householders of the county interested in the road. In laying out and opening public roads, the board of supervisors exercises only a special and limited statutory authority, and, in the exercise of this authority, it is necessary that all necessary jurisdictional facts appear of record. *Craft* v. *De Soto County,* 31 So. 204, 79 Miss. 618.

In the case of *Hinton* v. *Perry County,* 36 So. 567, 84 Miss. 546, in discussing the exercise of special and limited authority by a board of supervisors, the court said:

"Its jurisdiction being, in this matter, limited, the minutes must show that the jurisdictional facts were found to exist."

In the case of *Adams* v. *Bank,* 60 So. 770, 103 Miss. 744, it was held that an order of the board of supervisors attempting to assess for back taxes was the record of its proceedings relative thereto, and that the order "must set out sufficient facts to show that it had jurisdiction of the person and subject-matter."

That ten of the signers of the petition for the laying out and opening of the road in this case were freeholders or householders of the county is a necessary jurisdictional fact, and there is nothing in the orders or proceedings of the board of the supervisors to show that fact. It is true that more than ten names were signed to the petition, but the orders and proceedings of the board of supervisors nowhere shows that the board found or adjudicated that ten of these signers were freeholders or householders. Nothing can be presumed in favor of the jurisdiction of the board, and the mere recital in the face of the petition that the signers thereof were freeholders or householders does not establish that they were such in fact, and cannot take the place of a finding by the board of supervisors that this necessary jurisdictional fact existed.

The judgment of the court below will therefore be reversed, and the case remanded.

*Reversed and remanded.*