FERGUSON *v.* BOARD OF SUP'RS OF WILKINSON COUNTY.*

(Division B. March 5, 1928.)

[115 So. 779. No. 26983.]

1. EMINENT DOMAIN. *Board of supervisors in proceedings condemning right of way for public highway exercises limited statutory authority (Hemingway's Code 1927, section 8340).*

   Board of supervisors in proceedings to condemn right of way for public highway under Code 1906, section 4400 (Hemingway's Code 1927, section 8340), exercises limited, special, statutory authority, and is governed by rules of law applicable to exercise of such limited authority.

2. EMINENT DOMAIN. *Power of eminent domain being in derogation of common right, statute conferring power to condemn land for public highway must be strictly construed (Hemingway's Code 1927, section 8340).*

   Power of eminent domain being in derogation of common right, Code 1906, section 4400 (Hemingway's Code 1927, section 8340), relating to condemning land for public highway, must be strictly construed and cannot be extended beyond its plain provisions.

3. EMINENT DOMAIN. *Landowner is entitled to benefit of doubt of right to exercise power of eminent domain.*

   Right to exercise power of eminent domain is strictly limited to purposes expressed in statute conferring power, and where there is any doubt of right to exercise such power, landowner is entitled to benefit of such doubt.

(623)

4. EMINENT DOMAIN. *Lands may be condemned for public roads only when it is shown to board of supervisors that public interest or convenience requires them (Hemingway's Code 1927, section 8340).*

Under Code 1906, section 4400 (Hemingway's Code 1927, section 8340), public roads may be laid out and lands condemned therefor only when it is shown to board of supervisors that public interest or convenience requires them.

5. EMINENT DOMAIN. *Where board of supervisors did not adjudicate on minutes that public interest or convenience required establishment of public road, order condemning right of way was void (Hemingway's Code 1927, section 8340).*

Where board of supervisors did not adjudicate on its minutes that laying out and establishment. of public road was required by public interest or convenience, as required by Code 1906, section 4400 (Hemingway's Code 1927, section 8340, order condemning right of way for public highway was void since matter was jurisdictional.

---

*Corpus Juris-Cyc. References: Eminent Domain, 20CJ, p. 534, n. 49, 41; p. 627, n. 95; p. 887, n. 43.

APPEAL from circuit court of Wilkinson county.
HON. R. L. CORBAN, Judge.

A petition for the establishment of a public road was filed with the board of supervisors of Wilkinson county, and the board made an order condemning a right of way through lands of J. B. Ferguson. A trial in the circuit court resulted in a judgment affirming the board's action and Ferguson appeals. Reversed and remanded.

*A. H. Jones* and *George Butler,* for appellant.

The action of the board, and the order and judgment of the circuit court, are illegal, void and reversible because: first, this being a state highway, no legal application was made to the board of supervisors by the state highway department to condemn this right of way, and second, that the order of the board of supervisors is wholly void because it does not follow, nor comply with

the law, and does not find and adjudicate that the public interest or convenience requires the road to be laid out and opened, altered or changed.

Nothing can be inferred, implied or presumed to supply a fact necessary to show jurisdiction; the order, the judgment itself must set out and show the essential fact. The state highway department in making an application for the condemnation of rights of way exercise only a special and limited jurisdiction, granted by statute, and in the exercise of this special and limited authority, it is necessary that all jurisdictional facts appear of record. *Craft* v. *De Soto County,* 79 Miss. 618, 31 So. 204; *Hinton* v. *Perry County,* 84 Miss. 546, 36 So. 567; *Aden* v. *Board of Supervisors,* 142 Miss. 696, 107 So. 753; *Ferguson* v. *Seward,* 146 Miss. 613, 111 So. 596; *Board of Supervisors* v. *Ottley,* 146 Miss. 118, 112 So. 466.

Section 17 of the Constitution of the state of Mississippi prohibits the taking of private property for public use except on due compensation in the manner to be prescribed by law, and provides that whether the contemplated use be public is a judicial question. The courts of this state have jealously guarded the rights of the citizens and taxpayers under this section of the Constitution. *Polk* v. *City of Hattiesburg,* 109 Miss. 876.

This court, in *Levee Commissioners* v. *Allen,* 60 Miss. 93, held that the statutes for condemning lands must be strictly construed and that it was essential that the jurisdictional facts appear in the order, and it was necessary to show that those condemning the lands were "freeholders or householders." This case is cited with approval in *Cage* v. *Trager,* 60 Miss. 570; *White* v. *Railroad,* 64 Miss. 571; *Madden* v. *Ry. Co.,* 66 Miss. 270; *Craft* v. *De Soto County,* 70 Miss. 622, which were in turn approved by this court in *Aden* v. *Board of Supervisors,* 142 Miss. —, which was approved by this court in *Ferguson* v. *Seward,* 146 Miss. 613 and *Board of Supervisors* v. *Ottley,* 146 Miss. 118, 112 So. 466. Section 4400, Code 1906, required

the petition to be signed by ten or more freeholders or householders setting forth the commencement and termination and general course of the road "and that the public interest or convenience requires the road to be laid out and opened or altered or changed as shown in the petition." The order is silent as to the public interest or convenience. *Wise* v. *Yazoo City,* 96 Miss. 519, holds that where there is any doubt in regard to the extent of the power, the landowner must have the benefit of that doubt; that the power should never be exercised except with great caution and in cases most obviously for the public good, and further announced the doctrine that such legislative enactments should always be strictly construed. *Polk* v. *City of Hattiesburg, supra,* holds that the tribunal charged with the power must judicially and affirmatively determine that the use is public. See *Craft* v. *De Soto County,* 79 Miss. 618, 20 C. J. 949, p. 981; 15 Am. & Eng. Enc. Law, 534.

In construing section 15 (3) of the Interstate Commerce Act, which gives the Interstate Commerce Commission power in cases deemed by it to be necessary or desirable in the public interest, to establish through rates, routes, and classifications, etc., the Supreme Court of the United States in *Virginia R. R. Co.* v. *U. S.,* 71 L. Ed. 257, said: "The Virginian contends that the order is void, because the commission directed the establishment of through routes and joint rates without finding that they are necessary in the public interest. Such a finding is essential to the validity of and order under section 15 (3)."

*D. C. Bramlette,* for appellee.

Counsel contend that the order granting the petition for the road was legally insufficient and did not determine or adjudicate that the petition should have been granted. The board of supervisors in this order did

adjudicate and determine ''that the prayer of the petitioners ought to be granted'' and that ''this board has full and complete jurisdiction in the premises'' which was an adjudication and determination of the allegation of the petition that the public interest or convenience required the laying out and opening up of this highway. 20 C. J. 981, 982, lays down the proposition that: ''If the pleadings show upon their face that the use is a public one, a finding of such fact is not necessary.'' To quote·from note 31 to opposing counsel's citation 20 C. J. 981 is the following: ''It is not necessary, where only a strip of land one hundred feet wide is taken, that the report should show expressly that the commissioners deemed such strip necessary. *Hunt* v. *Smith,* 9 Kan. 137.''

*A. H. Jones* and *George Butler,* in reply for appellant.

The only point which we care to discuss in this reply brief is: Was it necessary ·for the order to adjudicate ''that the public interest or convenience required the road to be laid out or altered or changed,'' as set out in the petition? See *Abney* v. *Barnett,* 1 Bibb. (Ky.) 557; *Fletcher* v. *Fugate,* 3 J. J. Marsh (Ky.) 631; *Mansfield, etc., R. R. Co.* v. *Clarke,* 23 Mich. 519.

A petition which did not conform to the requirements of the statute would be wholly insufficient to vest the board with jurisdiction to pass an order in the premises, ·and this court is thoroughly committed to the proposition that not only must the petition contain the necessary jurisdictional averments, but the order entered upon it must likewise *affirmatively* find and adjudicate the jurisdictional facts and the jurisdictional facts must be therein found and recited to exist. Counsel quote from 20 C. J. 559, 624, to the effect that the necessity and expediency of taking the land is a legislative and not a judicial question and also refers to the case of *Hunt* v.

*Smith,* 9 Kan. 137. These authorities have no application in this state. In Kansas it is not required that there be a judicial determination that the use is a public use. Here the statute expressly required an adjudication that the taking is required by "the public interest or convenience."

Argued orally by *A. H. Jones* and *George Butler,* for appellant, and *D. C. Bramlette,* for appellee.

ANDERSON, J. Appellant appealed to the circuit court of Wilkinson county from an order of the board of supervisors of that county condemning a right of way through his lands for a public highway. There was a trial in the circuit court resulting in a judgment affirming the action of the board of supervisors. From that judgment, appellant prosecutes this appeal.

This is the second appearance of this case in this court. *Ferguson* v. *Seward et al.,* 146 Miss. 613, 111 So. 596. On the former appeal, the judgment appealed from was reversed and the cause remanded. Before the mandate got back, the board entered an order dismissing the proceedings involved in the cause on the former appeal, and begun new proceedings, under section 4400, Code of 1906 (section 8340, Hemingway's 1927 Code) to condemn a right of way through appellant's land for a public highway. As above stated, the condemnation proceedings before the board of supervisors were affirmed by the judgment of the circuit court.

The order of the board of supervisors granting the petition for laying out a public road did not adjudicate that the public interest or convenience required the road to be laid out and established. Appellant contends, for that reason, that the order of the board was void.

Section 4400, Code of 1906 (section 8340, Hemingway's 1927 Code) follows:

"When any person shall desire to have a public road laid out, altered or changed, a petition shall be presented

to the board of supervisors of the county, signed by ten or more freeholders or householders of the county interested in the road, setting forth the commencement and termination and general course thereof, and that the public interest or convenience requires the road to be laid out and opened or altered or changed, as shown in the petition; and the petitioners if not owners of the land through which the road runs or is proposed to be run, or if the land through which the road runs, or is proposed to run, is owned by the county, or a municipality of the state, by giving a copy of the same to the president of the board of supervisors if the county is the owner of the land, or to the mayor if a municipality is the owner thereof, and shall give five days' notice to the owners of the land, in person, or by leaving the same at their residence, if they reside in the county, or if the owners be nonresidents of the county, by putting up the notice in some conspicuous place on the land through which the road runs, or is proposed to run, and thereupon the board of supervisors shall hear the parties, and if it determine that the prayer of the petitioners ought to be granted, in whole or in part, it shall appoint a committee of two members, of districts other than that of the road or proposed road, which shall examine and view the contemplated route of the road, and, if they find the same practicable they shall lay out and mark the road, or the alteration or change, and report their proceedings in writing to the board at its next meeting.''

It will be noted from the statute that the petition for laying out, altering or changing a public road must set out that the ''public interest or convenience requires the road to be laid out and opened or altered or changed,'' as shown in the petition.

On the former appeal, the court held that it was a necessary, jurisdictional fact, which had to appear in the orders of the board of supervisors, that the required number of signers of a petition for laying out, altering,

or changing a public road be freeholders or household-
ers of the county, and that nothing would be presumed in
favor of the jurisdiction of the board, and that the mere
recital in the face of the petition that the signers there-
of were freeholders or householders did not establish
that they were such in fact, and could not take the place
of a finding by the board of supervisors that this neces-
sary, jurisdictional fact existed. The court cited, as be-
ing directly in point, *Aden* v. *Board of Supervisors,*
142 Miss. 696, 107 So. 753.

What was said in the Aden case and what was said on
the former appeal of this case we think is decisive of this
question by analogy, for, under the statute, plainly, one
of the fundamental things which must be set out in the
petition and adjudicated by the board is that the public
interest or convenience requires the laying out, altering,
or changing of the particular road under consideration.
That requirement is as vital as the requirement of the
statute that the petition for laying out, altering, or chang-
ing the road be signed by ten or more freeholders or
householders of the county interested in the road. Un-
der this statute, the board of supervisors exercise lim-
ited, special, statutory authority, and is governed by the
rules of law applicable to the exercise of such limited au-
thority. *Craft* v. *De Soto County,* 79 Miss. 618, 31 So.
204.

In *Strahan* v. *Attala County,* 91 Miss. 529, 44 So. 857,
the court held that where a petition is filed with the board
of supervisors under this statute for the purpose of hav-
ing a new road laid out, the question whether the public
interest or convenience required it was a matter ad-
dressed to the sound discretion of the board. The power
of eminent domain is in derogation of common right.
Therefore the statutes conferring the right of eminent
domain are to be strictly construed. They are not to
be extended beyond their plain provisions. The right to
exercise this power is strictly limited to the purposes

expressed in the statutes conferring the power. Where there is any doubt of the right to exercise the power, the landowner is entitled to the benefit of such doubt. *Wise* v. *Yazoo City,* 96 Miss. 519, 51 So. 453, 26 L. R. A. (N. S.) 1130, Ann. Cas. 1912B, 377. In *Polk* v. *Hattiesburg,* 109 Miss. 872, 69 So. 675, the court had under consideration an ordinance of the city closing a street. The statute authorizing the closing of the street was set out in the opinion. The court held, among other things, that the municipal authorities clothed with the power to close the street had to judicially determine whether the contemplated use was a public use.

Public roads are only authorized to be laid out, and lands condemned therefor, when it is shown to the board of supervisors that the public interest or convenience requires them. It is argued that the order of the board in this case sufficiently adjudicated that the proposed road through appellant's lands was required by the public interest or convenience, because the order of the board recites more than once that it is to be a public road. We disagree with appellant's position. The board of supervisors might, in disregard of the statute, lay out and establish a public road where the public interest or convenience did not require it.

We are of opinion that the failure of the board to adjudicate, on its minutes, that the laying out and establishment of the public road through appellant's lands was required by the public interest or convenience, was jurisdictional, and that therefore the order appealed from was void.

We do not think there is enough merit on appellant's other contention to require a discussion by the court.

*Reversed and remanded.*