GALE, et al. *v.* CITY OF JACKSON, MISS., et al.

No. 41500       May 9, 1960       120 So. 2d 550

*Young, Daniel & Coker,* Jackson, for appellants.

828

*E. W. Stennett, W. T. Neely, Ralph B. Avery,* Jackson, for appellees.

McGehee, C. J.

On September 15, 1942 the Secretary of War of the United States, Henry L. Stimson, filed a petition for the condemnation of the fee simple title to 26.92 acres of land in the City of Jackson to provide for the expansion of a military airfield, and for other military uses pertaining thereto.

The petition for condemnation recited that the estate to be taken for said public uses "is the full fee simple title thereto, subject, however, to existing easements for public roads and highways, for public utilities, for railroads and for pipe lines."

The amount estimated to be fair compensation to the owner, Freeland Gale, for this particular tract of land was the sum of $5,325, which was paid into the registry of the United States District Court for the Southern District of Mississippi, Jackson Division. The amount of the award had been submitted to a jury in the said Court. The landowner, Freeland Gale, filed no pleadings or other objections to the proposed condemnation of the land, but accepted the award of compensation in the said sum of $5,325.

The said Freeland Gale departed this life on March 28, 1945 and this suit is brought by his widow, Mrs. Freeland Gale, and by her two adult daughters, Mrs. Robert Joel and Mrs. Herbert Page, resident citizens of the State of New York, who were the sole heirs at law and devisees under the last will and testament of the said Freeland Gale, deceased.

The bill of complaint herein alleged that the complainants were entitled to have canceled as a cloud upon their title a deed of conveyance executed on January 11, 1949 by the United States of America to the City of Jackson, Mississippi, on the ground that the title of said 26.92 acres of land was reverted to them by reason of the fact that the same has ceased to be used for airport purposes or other military uses. The City of Jackson, pursuant to its authority so to do, appointed the Jackson Airport Commission and such Commission is also made a party to this suit.

The petition for the condemnation of the said parcel of land was filed under the provisions of the following Acts of Congress: Act approved August 1, 1888 (25 Stat. 357), and acts supplementary thereto and amendatory thereof: Act approved August 18, 1890 (26 Stat. 316) as amended by the Acts of Congress approved July 2, 1917 (40 Stat. 241) and April 11, 1918 (40 Stat. 518, 50 U. S. C. Sec. 171) and March 27, 1942 (Public Law - 507—77th Congress), the Act of Congress approved August 12, 1935 (49 Stat. 610, 611; 10 U. S. C. Secs. 1343a-

1343c), and the Act of Congress approved December 17, 1941 (Public Law 353 - 77th Congress).

The petition in condemnation expressly states that: "The interest and title in and to the above described lands to be acquired by the United States of America in this proceeding is the full fee simple title, subject however to the existing easements for public roads and highways, for public utilities, for railroads, and for pipe lines." It then asks that "such other and further orders, judgments and decrees as may be necessary to divest each and every interest and estate in said lands out of all other persons and vest the fee simple title, subject to exceptions hereinbefore mentioned, in and to the above described lands in the United States of America, and that upon payment of said award into the Registry of the Court that same be disbursed to the parties entitled thereto, * * *."

After accepting the award made by the jury in the sum of $5,325, the said Freeland Gale took no appeal from the judgment of the United States District Court for the Southern District of Mississippi, Jackson Division, rendered on May 8, 1943.

The cases of Wise v. Yazoo City, 96 Miss. 507, 51 So. 453; Ferguson v. Board of Supervisors of Wilkinson County, 149 Miss. 623, 115 So. 779; Nicholson v. Board of Mississippi Levee Commissioners, 203 Miss. 71, 33 So. 2d 604; Whitworth v. Mississippi State Highway Commission, 203 Miss. 94, 33 So. 2d 612; Berry v. Southern Pine Electric Power Association, 222 Miss. 260, 76 So. 2d 212, all sustain the well settled rule in Mississippi that where a creature of the legislature such as a levee board, state highway commission and other governmental agencies and subdivisions are seeking to condemn land, they may acquire only such an estate as provided for by the statute and is needed for the purposes and uses for which the land is to be condemned, and the rule is that the petition of eminent domain in such cases should be con-

strued favorably to the landowner and strictly against the condemnor.

■■■ But in the instant case, where the right of eminent domain was exercised by the sovereign government of the United States under the federal statutes hereinbefore mentioned, the federal government determines the estate needed for the purposes for which the land is condemned, and the decision of the federal government that the land to be condemned is needed for public purposes of the government cannot be questioned. When the Secretary of War selected the parcel of land involved in this suit for airport and other military uses, his decision that it was needed for that purpose is not subject to review, where the government makes an award of fair compensation to the landowner.

In the case of United States v. Carmack, 329 U. S. 230, 91 L. Ed 209, it is said: "The power of eminent domain is essential to a sovereign government. If the United States has determined its need for certain land for a public use that is within its federal sovereign powers, it must have the right to appropriate that land. Otherwise, the owner of the land, by refusing to sell it or by consenting to do so only at an unreasonably high price, is enabled to subordinate the constitutional powers of Congress to his personal will. The Fifth Amendment, in turn provides him with important protection against abuse of the power of eminent domain by the Federal Government.

\* \* \*

" 'If the United States have the power, it must be complete in itself. It can neither be enlarged nor diminished by a State. Nor can any State prescribe the manner in which it must be exercised. The consent of a State can never be a condition precedent to its enjoyment.' Kohl v. United States, supra (91 US 371, 372, 374, 23 L. ed 451, 452)."

In the case of United States v. Forbes, 259 F. 585, 589, it is stated: " ' \* \* \* It must be borne in mind that the

petitioners here are not exercising in this proceeding the state's power, and therefore are not bound by the limitations and restrictions placed on that power; but they are exerting their own sovereign right, and the only restriction on the exercise of that right is that just compensation shall be made for private property taken for public use. Fifth Amendt. Const. U. S.' "

■■ ■ The proceedings for condemnation set forth that the United States of America was at that time engaged in war with Germany, Italy and Japan and that a national emergency existed, and the proceedings on behalf of the government of the United States alleged, among other things, that: "1. (b) The public uses for which said lands are taken are as follows: The said lands are necessary adequately to provide for an expansion of a military airfield, and for other military uses pertaining thereto. The said lands have been selected by me for acquisition by the United States for use in connection with the establishment of the Jackson Airfield, at Jackson, Mississippi, and for such other uses as may be authorized by Congress or by Executive Order, and are required for immediate use."

The judgment rendered in the proceedings on September 15, 1942 "Ordered and adjudged that the title to the hereinafter described lands in full fee simple * * *" be vested in the United States of America and the judgment then describes the parcel of land involved in this suit.

In the case of United States v. 6.74 Acres of Land in Dade County, Florida, et al, 148 F. 2d 618 (5th Circuit, 1945), the government filed a petition to acquire the fee simple title to two tracts of land needed in connection with the expansion, for military purposes, of the Miami Beach airbase. A declaration of taking, as in the instant case, was filed and judgment thereon was entered. The defendant filed an answer denying that her property was needed for the purposes alleged but the court said,

among other things, that: ''(1) Upon the filing of the declaration of taking and the depositing of the money in the registry of the court, fee simple title to the lands immediately passed to the Government. The necessity for the taking was by the Congressional Acts placed solely within the discretion of the Secretary of War and is not a question with respect to which courts are vested with jurisdiction. The court below, therefore, was without right to question the action of the Secretary of War either as to the necessity of the taking or as to the extent of the right or interest in the property taken.''

And in the case of United States v. 9.94 Acres of Land in the City of Charleston, et al, 51 F. Supp. 478, the court said, among other things, that: ''Under the power of eminent domain the United States may exercise such power to take the whole or any part of, or any interest in, the lands in question and this right is limited only by the Acts of Congress delegating authority to the Executive * * *.''

■■■ ■ Numerous circuit court of appeals decisions could be cited, if necessary, in support of the view that the rule of strict construction against the condemnor and in favor of the landowner does not apply where the sovereign government of the United States is concerned.

We recognize that the rule contended for by the appellants is supported by the Mississippi decisions hereinbefore referred to and that they establish the rule that the power of eminent domain shall be strictly construed against the condemnor and in favor of the landowner, where the condemnor is an agency of the state which can exercise only such power as is expressly conferred by legislative enactment. But such is not the rule where land is needed for military or other uses by the sovereign power—the United States of America.

The decree of the Chancery Court of Hinds County herein appealed from, and which sustained the demurrer of the City of Jackson and the Jackson Airport Commis-

sion and dismissed the bill of complaint of the appellants should be and the same is hereby affirmed.

Affirmed.

*Lee, Kyle, Ethridge,* and *Gillespie, JJ.,* concur.