284 So.2d 50 (1973)
HARRISON COUNTY SCHOOL BOARD
v.
STATE HIGHWAY COMMISSION of Mississippi.
No. 47608.
Supreme Court of Mississippi.
October 8, 1973.
*51 Boyce Holleman, Jim W. Rose, Gulfport, for appellant.
Gillespie & Lenoir, Gulfport, for appellee.
BROOM, Justice:
This is an appeal from a Special Court of eminent domain for the Second Judicial District of Harrison County, Mississippi, *52 which court condemned 3.60 acres of land owned by the Harrison County School Board in said county.
D'Iberville Junior-Senior High School is situated upon a 21.1 acre tract of land owned by the appellant, Harrison County School Board. The State Highway Commission initiated proceedings to condemn 3.60 acres of said tract for the purpose of constructing Interstate No. 110 highway, which highway at the subject land would not be accessible. It would be fenced off, resulting in the loss of an additional 1.7 acres to the west. In practical effect, 5.3 acres are sought to be taken from the school property, leaving 15 acres of usable land for the school. The land sought to be taken is used primarily for recreational and playground purposes. There is a distance of about 208 feet from the east edge of the proposed highway to the nearest school building.
The lower court overruled the motion of the appellant, Harrison County School Board, which motion sought to have dismissed the petition of appellee, hereinafter referred to as Highway Commission. The chief proposition ably asserted by the appellant in its motion, scholarly brief and oral argument is that under Mississippi Code 1942 Annotated section 2749-25 (Supp. 1972) said Highway Commission (or any other state agency) is not permitted to condemn and take lands belonging to schools. For the first time this Court is called upon to construe the last sentence of said Code section, which entire section is as follows:
The boards of trustees of an agricultural high school, or agricultural high school and junior college, or any municipal separate school district, and the county board of education, in the case of other school districts, are authorized and empowered to exercise the right of eminent domain, for the purpose of acquiring property to be used for school and playground purposes. However, the rights of eminent domain created hereunder shall not be used for the condemnation of the property of any school or college whatsoever, either private, fraternal, sectarian or denominational.

I.
Does the last sentence of said section 2749-25 prohibit the Highway Commission from taking land belonging to the school board through eminent domain proceedings? The Highway Commission says in essence that said Code section is applicable only to prevent any enumerated school authority or school entity from taking land belonging to another school. Further, the Highway Commission says that the last sentence of said Code section "is to prevent a public school with the right of eminent domain from taking the existing facility of a private or church school which does not have the right of eminent domain."
The Code section undisputably is not new to the Mississippi Code but has been a part of the Code since 1928 when it was enacted as section 2781 (Chapter 112 of the Laws of 1928). Obviously this section was originally intended to confer upon schools the right to acquire property by eminent domain and the section has been brought forward with slightly new wording, leaving the section basically the same as when originally enacted. In the original section giving schools the right to acquire property by eminent domain, there was included a restriction that prohibited one school from taking property of another school, which restriction remains in the present Code. The 1928 enactment of said Code section was slightly amended by Chapter 29 of the Laws of 1930. Present Code section 2749-25, supra, is an obvious simultaneous repeal and reenactment of the 1928 and 1930 acts, which acts were independent original acts. Such repeal and a reenactment are to be considered "an affirmation and continuation" of the original provisions. Annot., 77 A.L.R.2d 340 (1961). In arriving at the legislative intent of said section 2749-25, said act must be read as a single act of the Legislature *53 and is not to be construed in conjunction with the other provisions of Chapter 520 of the Laws of 1971. It appears manifest to us that the word "hereunder" as used in said section 2749-25 referred only to the particular act originally passed in 1928.
There are three factors which support the argument that the last sentence of said section 2749-25, supra, applies only to that section. (1) The wording of the section as a whole seems to imply limited application. The first sentence, granting the right of eminent domain to the schools is followed immediately by the sentence in question. It would not be unreasonable to assume that "the rights of eminent domain created hereunder" refers to the powers just granted in the preceding sentence and not to all other grants of eminent domain powers including such grant to the Highway Commission. (2) Although the present section is part of the new provisions on eminent domain, it is based on a single, independent act, passed by the Legislature in 1928. There is no indication that the limitation on "the rights of eminent domain created under this act" was meant to apply to any other law. It should also be noted that the first specific or statutory grant of eminent domain power to the Highway Commission was enacted in 1930 (Chapter 47, General Laws of Mississippi, 1930, §§ 4998, 5006, Miss.Code, 1930), two years after the enactment of what is now section 2749-25, supra. (3) If the Legislature intended to so limit the Highway Commission, it would seem that the more appropriate place to do so would be in those sections of the Code delineating the powers of the Highway Commission, rather than in a section granting schools the power of eminent domain.
Our opinion therefore is that the Legislature by enacting section 2749-25, supra, never intended to restrict the rights of a state agency such as the Highway Commission. We hold that the Legislature intended to restrict only the acts of school authorities by saying that "the rights of eminent domain created hereunder shall not be used for the condemnation of the property of any school... ." As stated above, this restriction was made a part of the original legislation granting eminent domain rights to school authorities in the year 1928. We are unable to say it applied to the completely different act passed in 1930 creating the State Highway Commission.
We do not disturb the decision this Court handed down in the case of Ferguson v. Board of Supervisors, 149 Miss. 623, 115 So. 779 (1928). In that case we held that the power of eminent domain is in derogation of common right and ought to be construed strictly. Our holding here is not in conflict with Nicholson v. Board of Mississippi Levee Commissioners, 203 Miss. 71, 33 So.2d 604 (1948) and Mississippi Power Company v. Leggett, 197 So.2d 475 (Miss. 1967), both of which require the right of eminent domain to be scrupulously exercised in strict compliance with applicable statutes. Our decision here is simply what we believe adheres to the obvious intent of the Legislature in passing said section 2749-25, supra, which merely restricts a school and is not applicable to the Highway Commission, a superior state agency.

II.
The School Board next contends that the doctrine of prior public use denies the exercise of the power of condemnation where the proposed use will destroy the existing public use or prevent a proposed public use unless the Legislature has given its express authority. Appellant cites as authority several cases from other jurisdictions. The Mississippi decisions cited by appellant obviously permit one superior governmental body to condemn property of some other inferior governmental body if the taking will not materially impair the existing uses and is not detrimental to the public interest. Board of Supervisors of Covington Co. v. State Highway Comm'n, 188 Miss. 274, 194 So. 743 (1940); Mississippi State *54 Highway Comm'n v. Yellow Creek Drainage Dist., 181 Miss. 651, 180 So. 749 (1938). Here the taking will not materially impair the existing uses of subject land. Nothing before us shows the taking to be detrimental to the public interest.
As correctly stated by Judge Grant in Summary of Mississippi Law, section 1211.1 (Supp. 1972), a superior governmental body may condemn the property of an inferior governmental body. We hold that the Highway Commission has the power to condemn school property. The State Highway Department was granted this specific power by legislation contained in Title 30 of the Mississippi Code entitled "Highways." The Mississippi State Highway Commission is the established state agency or legal entity responsible for building, relocating, and maintaining the highways of this state. It has power to establish controlled access facilities such as Interstate 110. Miss. Code 1942 Ann. § 8039-01 to § 8039-12 (1956). Section 5 (8039-5 of said Code) of said act, entitled "The Controlled Access Facility Act," specifically gives unto the Highway Department the right to acquire private or public property which it shall acquire in accordance with the provisions of Mississippi Code 1942 Annotated section 8023 (1956). Section 8038 of said act lists the powers vested in the Highway Commission, including the power "to acquire by gift, purchase, condemnation or otherwise, land or other property whatsoever that may be necessary for a highway system as hereinafter provided." (Emphasis added).
The sections referred to above make it crystal clear that the Highway Commission has a right to take by eminent domain either private or public property since there is included in said section 8038 "or other property whatsoever." In addition thereto section 8023 authorizes the State Highway Commission to condemn land necessary for highway purposes. That power is not limited to private land, but extends to all land, whether public or private.
While it is unfortunate that a controversy should arise between state agencies, a county school board is a subdivision of our state government as created by an act of the Mississippi Legislature. The Highway Department or Highway Commission is a superior legal entity in the factual context here presented. The expressed intent of the Legislature as we glean the same from Mississippi Code 1942 Annotated section 2749-25 (Supp. 1972), also known as section 25, Chapter 520 of the Laws of 1971, is that the lawmakers intended to prevent one school from condemning land of another school. There was no intent shown to limit the authority or power of the Highway Department as contained in Mississippi Code 1942 Annotated section 8038(b) or in other pertinent sections of Title 30 of the Code so as to preclude the taking of school property in the situation revealed by the record here.
We find no error in the decision of the Judge of the Special Court of Eminent Domain and it is our opinion that he was correct when he overruled the motion of the school board to dismiss the petition of the Highway Commission.
Affirmed.
RODGERS, P.J., and INZER, ROBERTSON, and WALKER, JJ., concur.