BOARD OF SUP'RS OF LAFAYETTE COUNTY *v.* PARKS *et al.*

(In Banc. May 28, 1923.)

[96 South. 466. No. 23428.]

1. HIGHWAYS. *Laws authorizing bonds to be sold or contracted to be sold but not delivered by supervisors held not to apply to contract by commissioners for sale of road district bonds.*

The board of supervisors only have the power to sell or contract to sell bonds under chapter 176, Laws 1914 (Hemingway's Code, section 7159 et seq.); consequently the provision of chapter 295, Laws 1922, authorizing the issuance of bonds that have been sold or contracted to be sold, but have not been delivered although a year has elapsed since the election at which the issuance of the bonds was authorized, does not apply to a contract for the sale of such bonds made by the commissioners of the road district for which the bonds are sought to be issued.

2. COUNTIES. *Boards of supervisors cannot enter order as of former term and give it effect as if so entered.*

A board of supervisors cannot enter an order as of a former term, and thereby give it the effect it would have had had it been entered at such former term.

Appeal from chancery court of Lafayette county.

HON. J. G. McGOWAN, Chancellor.

Proceedings between the board of supervisors of Lafayette county and N. E. Parks and others. From the decree rendered, the former appeals. Affirmed.

*L. C. Andrews*, for appellant.

The manifest errors in the proceedings of the board of supervisors are cured by chapter 295, Senate Bill No. 104, page 378, of the Laws of 1922. The power of the legislature to pass such an act has been passed upon time and again by the various courts of the Union, and in each case the right is upheld. There is no constitutional limitation upon the legislature to provide for the issuance of bonds without an election. What the legislature can do in advance it can do subsequently. They could have provided for the issuance of these bonds without an election or previous notice to the taxpayers. *Charlotte Harbort & N. R. Co.* v. *Wells et al., Board of Commissioners of De-Soto, Fla.*, decided October 16, 1922, Vol. 43, No. 1, advance sheets to U. S. Rep. page 4; *Parker* v. *Board of Supervisors of Grenada County*, 88 So. 172. To the same effect is *Bacot* v. *Board of Supervisors*, 86 So. 765; *Griffin* v. *Mayor and Board of Aldermen*, 58 So. 781. As to the

power of the legislature to legalize and validate highway districts imperfectly or illegally organized, reference is made to the following cases: *State* v. *Squires,* 26 Iowa, 340; *State, ex rel. West* v. *Des Moines,* 31 L. R. A. 186; *Read* v. *Plattsmouth,* 107 U. S. 568.

As to the right of the board to ratify at its July meeting, 1922, a contract of sale of bonds at par and accrued interest made by its agents in August, 1920, it appears that if they had the power originally to make such a contract or ratify one made by its agents, it also has the power at a subsequent date to make it valid. It is our contention that this is a general principle of almost universal application. A county may ratify an unauthorized contract made in its behalf, if it is one which the county could have made in the first instance. *Leathem et al.* v. *Jackson County,* 1917 D. Ann. Cas. 438, 182 S. W. 570.

*Harry M. Bryan,* for appellees.

Counsel for appellant admits that unless chapter 295, Senate Bill 104, page 378, Laws of 1922, cures the whole proceedings, the said bonds are illegal. It is admitted by appellant that no part of these bonds had been sold within a year after an election held to determine whether or not they should be issued. Section 1, chapter 295 of the Laws of 1922, relied upon by appellant, is therefore inapplicable. The request of the district commissioners of the so-called Cypress Separate Road District to the board to enter an order "ratifying" a contract made two years before is an attempt to cut off the statute of limitation contained in chapter 207 of the Laws of 1920 aforesaid, and to bring the proceedings herein within the pale of part of section 1, chapter 295 of the Laws of 1922.

We respectfully contend that the record shows: (1) Nowhere is it even remotely mentioned that these bonds were ever sold. The record states that they were not sold. (2) Nowhere is it shown that these bonds were con-

tracted to be sold, and a recital in the opinion of the
state's bond attorney to the effect that the board in August,
1920, contracted for the sale of two thousand five hundred
dollars of these bonds is an erroneous finding of fact, as
the record shows. The only thing having reference to a
contract of sale of these bonds is the order of the board
entered at the July, 1922, meeting.

Our contention is, and the lower court so held, that the
said board of supervisors could not, in July, 1922, enter
an order "ratifying" a contract of sale of these bonds as
of August, 1920, nor enter the order in July, 1922, "as
of the August meeting, 1920." The reason is obvious.
When the board adjourned in August, 1920, its business
for that term was completed and its minutes were closed.
It cannot relate an order back two years to escape the
statutory limitation upon these bonds.

The so-called "ratifying" order of July, 1922, does not
even show: (1) to whom, (2) when, or (3) for what
exact price the bonds were sold. Not only this, it states
vaguely that the contract was made between "the com-
missioners and purchaser." Who was he? It seems to
be the law that parties are still necessary ingredients of a
valid contract. Further, the board itself and not the com-
missioners is the only agency empowered by law to sell
the bonds of this district and their proceedings must be
recorded on the face of the official minutes. No presump-
tion can be indulged in its favor. It speaks and acts
through its official minutes. *Boutwell et al.* v. *Board of
Supervisors of Jasper County,* 91 So. (Miss.) 12; *Adams*
v. *Bank,* 103 Miss. 744, 60 So. 770. See also *Jefferson
County* v. *Grafton,* 74 Miss. 435, and *Adams* v. *First Na-
tional Bank,* 60 So. 770.

Further, chapter 295 of the Laws of 1922 cannot apply
to validate or cure the meager proceedings of the board of
supervisors of LaFayette county so as to make the said
two thousand five hundred dollars of proposed bonds valid
and binding obligations of the said district for these

specific reasons: (1) The said board on November 10, 1921, ordered this district dissolved; (2) The board of supervisors has never sold nor contracted for the sale of these bonds. In the July, 1922, order of the board it is expressly stated: "and whereas the said board never took any action to ratify said contract," referring to the purported contract for the sale of these bonds by the commissioners. The lower court did not err in declaring this issue invalid and void and we therefore ask for an affirmance of its decree.

Argued orally by *L. C. Andrews* for appellants and *Harry M. Bryan* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is a proceeding under chapter 28, Laws of 1917, Hemingway's Code, Supplement 1921, sections 3812a-3812c, by which the appellant seeks to validate road bonds to the amount of two thousand five hundred dollars which it proposes to issue; the decree appealed from holding that the appellant is without power to issue the bonds.

A road district was created by the appellant under chapter 176, Laws of 1914, Hemingway's Code, section 7159 et seq., at its August, 1919, meeting; but twelve months elapsed without the issuance of the bonds thereof.

In July, 1922, the appellant entered the following order upon its minutes:

"Whereas, the commissioners of Cypress separate road district did agree and contract to sell two thousand five hundred dollars bonds of said district, which agreement was made on the —— day of August, 1920, at par and accrued interest by and between the commissioners and purchaser, and whereas said board never took any action to ratify said contract: Be it therefore resolved that said contract to sell said bonds as aforesaid be and the same is hereby ratified and confirmed, and this order is entered as of the August meeting, 1920."

Under this order it is claimed by the appellant that it has the power to sell the two thousand five hundred dollars of bonds therein referred to because of the provisions of chapter 295, Laws of 1922. This contention is without merit, for that statute validates and authorizes the issuance of bonds that had theretofore "been sold or contracted to be sold at not less than par and accrued interest." And it appears on the face of the order entered at the appellant's July, 1922, term that the bonds here in question had been contracted to be sold, not by the appellant, but by the road commissioners, a contract which the commissioners were without power to make. In order to come within the provisions of the statute, the bonds must have been sold or contracted to be sold by the appellant, the only body authorized by the statute so to do. It is true that the order of the board was entered as of the August, 1920, meeting, but this attempt to give the order a retroactive effect must fail; the board having no power so to do.

*Affirmed.*