FERGUSON *v*. SEWARD *et al.**

(Division A.   March 7, 1927.)

[111 So. 596.   No. 26288.]

1. HIGHWAYS.  *Signers of petition to lay out or change road held not proper parties to certiorari for review of proceedings by board of supervisors pursuant thereto.*

   Signers of petition to lay out, alter, open, or change road *held* not proper parties to *certiorari* to review proceedings of board of supervisors with reference to laying out and changing the road.

2. HIGHWAYS.  *Signers of petition to lay out, alter, or change public road do not become parties to proceedings of board of supervisors pursuant thereto.*

   Signers of petition to lay out, alter, or change a public road do not become parties to proceedings of board of supervisors in laying out, altering, or changing the road and condemning necessary rights of way.

3. HIGHWAYS.  *Law authorizing appeal from proceedings of board of supervisors, laying out, altering, or changing road, does not exclude review by certiorari (Hemingway's Code, sections 73, 7085).*

   Code 1906, section 4405 (Hemingway's Code, section 7085), authorizing appeal from proceedings of board of supervisors in laying out, altering, or changing public road, does not exclude right to have such proceedings reviewed by *certiorari*, as provided by Code 1906, section 91 (Hemingway's Code, section 73).

4. HIGHWAYS.  *Proceedings of board of supervisors after certiorari, removing proceedings to circuit court, were improperly made part of record (Hemingway's Code, section 73).*

   On filing proper petition and bond, issuance and service of writ of *certiorari*, under Code 1906, section 91 (Hemingway's Code, section 73), removing proceedings of board of supervisors in laying out, altering, or changing public road and assessing damages therefor to circuit court for review, all proceedings therein by board of supervisors were thereby superseded, and attempted orders or proceedings of board thereafter taken were improperly made part of transcript of record transmitted to circuit court.

5. HIGHWAYS. *Board of supervisors may not give retroactive effect to order attempting to ratify and validate previous order laying out or changing road.*

Board of supervisors has no power to give retroactive effect to order attempting to ratify and validate previous order to lay out, alter, or change road, and reciting that necessary jurisdictional facts were found or adjudicated at previous meeting of board.

6. EMINENT DOMAIN. *Highways. Order of board of supervisors, directing road to be laid out and condemning land, held "final judgment," reviewable by certiorari (Hemingway's Code, section 73).*

Order of board of supervisors, directing public road to be laid out and opened up, and condemning land to public use, *held* to all intents and purposes a "final judgment," validity of which may be reviewed by *certiorari* as provided by Code 1906, section 91 (Hemingway's Code, section 73).

7. HIGHWAYS. *Failure of bond in certiorari to review proceedings of board of supervisors, to run to county, held not to require dismissal of certiorari (Hemingway's Code, section 742).*

Under Code 1906, section 1022 (Hemingway's Code, section 742), failure of bond in proceedings in *certiorari* to review action of board of supervisors in laying out and changing road, to be made payable to county, and that it was payable to state and original petitioners for road *held* not to require dismissal of *certiorari*, since bond inures to benefit of party to whom it was designed by law as security.

8. HIGHWAYS. *Order or proceedings of board of supervisors in laying out and opening road must show signers of petition were freeholders.*

That ten signers of petition for laying out and opening of road were freeholders or householders of county is necessary jurisdictional fact, which must appear in orders or proceedings of board of supervisors.

---

*Corpus Juris-Cyc. References: Eminent Domain, 20CJ, p. 1129, n. 34; Highways, 29CJ, p. 433, n. 99 New; p. 461, n. 41 New; p. 464, n. 83; p. 488, n. 46; p. 489, n. 51; p. 492, n. 98; p. 493, n. 5, 7 New; p. 509, n. 67 New; p. 513, n. 26 New, 37; p. 515, n. 71; p. 516, n. 79 New, 91 New.

APPEAL from circuit court of Wilkinson county.
HON. R. L. CORBAN, Judge.

Application for *certiorari* by J. B. Ferguson to review proceedings of board of supervisors of Wilkinson county, wherein Mrs. S. J. Seward and other landowners, as well as the board of supervisors, were made parties defendant. From a judgment granting a motion by Wilkinson county to dismiss the writ, petitioner appeals. Reversed and remanded.

*A. H. Jones* and *George Butler,* for appellant.

I. The principal .question in the case at bar is the validity of the proceeding establishing the road and the consequent action of the lower court in upholding that proceeding. Sections 90 and 91, Code of 1906, provide for a review of the proceedings of inferior tribunals for matters of law arising or appearing on the face of the record and proceedings, whether an appeal be provided or not. It was under the two last-mentioned sections that the review was sought for the errors appearing on the face of the record. The same procedure was followed in this case as was followed in *Aden* v. *Board of Sup'rs,* 107 So. 753. The board in the case at bar was exercising a special and limited jurisdiction and it was, therefore, requisite that the jurisdictional facts be found to exist and be recited in the orders of the board. *Craft* v. *De-Soto County,* 79 Miss. 618; *Hinton* v. *Perry County,* 84 Miss. 546; *Adams* v. *Bank,* 103 Miss. 744; *Aden* v. *Board of Sup'rs,* 107 So. 753 (Miss).

If it be contended that section 4, chapter 278, Laws of 1924, requires the application for the condemnation of the land to be made by the state highway department, the facts are that no such application was filed and the board made no adjudication on any such application. On the other hand, if the proceeding is under section 4400, Code of 1906, it was essential that the board adjudicate and recite in its order that the petition was presented by ten or more freeholders or householders; and this it failed to do. *Aden* v. *Board of Sup'rs,* 107 So. 753.

The record contains (improperly, as we shall undertake to show) an order which indicates clearly that the board recognized that the proceeding in laying out the road was also void, for by that order, entered long after the *certiorari* was served, they undertook to adjudicate the jurisdictional facts. This order, of course, was void because, first, it was entered after the *certiorari* proceeding had been served and the jurisdiction of the board entirely suspended by the *supersedeas,* and, second, this court has held in *Board of Sup'rs* v. *Parks,* 132 Miss. 752, that the board of supervisors cannot enter an order as of a former term and thereby give it the effect it would have had, had it been entered at such former term.

II. The court should have stricken from the return the proceedings and orders of the board made after the service of the writ of *certiorari.* Sections 90 and 91, Code of 1906, provide that the writ of *certiorari* shall operate as a *supersedeas* upon the party applying therefor giving bond with security, to be approved, etc., and the bond was duly given in this case. Under the statute the granting of the writ and the giving of the bond *ipso facto* operated as a *supersedeas.* Moreover, at common law, where no bond or security was required, except as a condition to the issuance of the writ, the issuance of the writ *prio vigore* operated as a *supersedeas* and suspended further proceedings in the inferior board. 4 Encl. Pl. & Pr. 184; 11 C. J. 158; 4 Encl. Pl. & Pr. 205-6; 20 Encl. Pl. & Pr. 1212; 11 C. J. 170. So both at common law and under the statute, when the bond is given, the writ when issued operates as a *supersedeas.* See *R. R. Co.* v. *Adams,* 85 Miss. 772 at 794-95; 4 Am. Encl. Pl. & Pr. 10; 11 C. J. 88-89; 2 Encl. Pl. & Pr. 205.

It is manifest that the proceedings of the board subsequent to the service of the writ were had without jurisdiction and constituted no part of the record and are not to be considered on this appeal.

III.   It was error for the court to eliminate Mrs. Se-
ward and other petitioners for the road as parties to
the suit.   The petitioners were parties plaintiff before
this board under section 4400, Code of 1906, for laying
out and changing the road.   That section requires that
ten or more freeholders or householders of the county
interested in the road, shall sign the petition.   Unless
they are interested in the road, they are not proper sign-
ers of the petition.   Section 90, Code of 1906, provides
that the clerk of the court on the issuance of a certificate
shall issue a summons for the party to be effected there-
by.   4 Encl. Pl. & Pr. 183; 11 C. J. 142.

On proceedings to set aside a municipal contract be-
cause awarded before the ordinance providing for it went
into effect, the contractors are necessary parties.  *State*
v. *Wildwood,* 60 N. J. L. 365, 38 Atl. 22.   Petitioners for
the annexation of territory to a town, on *certiorari,* should
be made parties.  *Black* v. *Brinkley,* 54 Ark. 372, 14 S.
W. 1030.   Where a *certiorari* is in aid of an ejectment
suit, the present owner of the land should be made a
party to it.  *State* v. *West Hoboken Tp.,* 39 N. J. L. 421.

The petitioners for the change in the road and the
owners of the land through which the road was to run
were the plaintiffs and defendants respectively.   *I. C.
R. R. Co.* v. *Miller,* 141 Miss. 213.

This case should be reversed and the proceeding dis-
missed.

*D. C. Bramlette,* for appellees.

This case is a remarkable and unusual proceeding.   For
the first time in the history of jurisprudence in Missis-
sippi, insofar as the reported cases reveal, the objecting
landowner has ignored the county authorities and the
county and proceeded solely in his appeal against the
initial signers of the petition for the laying out of this
road.

I. *The writ of prohibition.* The writ of prohibition procured by opposing counsel to hold up the construction of this highway on appellant's initial costs bond for two hundred dollars was dismissed by the court below as authorized by *Wynne* v. *I. C. R. R. Co.,* 105 Miss. 784.

Section 7085, Hemingway's Code (section 4405, Code of 1906) is the only source of authority had by appellant for having the condemnation proceedings of the board of supervisors of Wilkinson county reviewed by the circuit court and that law makes as a condition of such an appeal the giving of bond for costs not exceeding two hundred dollars and payable to the county. This requirement of the law appellant utterly ignored and has not yet executed a bond of any character whatsoever payable to Wilkinson county.

II. *This court is without jurisdiction.* This court in deciding the present appeal will never reach the question of regularity or irregularity in the minutes of the board of supervisors in laying out this road, but the sole question before this court is the validity *vel non* of the appeal by appellant from the condemnation proceedings of the board of supervisors to the circuit court. Consequently, there is no point made or any authority discussed in the brief of opposing counsel that touches the issues on which the present appeal will be decided or that appellees are called upon to answer.

This court is without jurisdiction of this case because the appeal from the board of supervisors to the circuit court was premature. The court will note that the review authorized by section 7085, Hemingway's Code, is the laying out, altering or changing of any public road, and assessing damages therefor. Appellant amends the law in substance by appealing before the assessment of damages and takes the position that the wording of the law in effect should be that he would have the right of appeal from the laying out, altering, or changing of any public road. Appellant's position would eliminate from

this statute the phrase "and assessing damages therefor."

In *Wilkinson County* v. *Foster Creek Lbr. & Mfg. Co.*, 135 Miss. 616, this court voluntarily without the point being made, dismissed as premature an appeal that was taken directly as authorized by the wording of section 10, chapter 323, Laws of 1920.

In the case before the court the statute provides only one stage at which an appeal in the condemnation of this road proceeding may be reviewed and that is after the assessment of damages therefor. See *Y. & M. V. R. R. Co.* v. *McNeely*, 121 Miss. 803. Statutes for condemnation of a public highway are to be considered as a unit as this court held in *Hinds County* v. *Johnson*, 133 Miss. 591, 98 So. 95, citing *Joslin* v. *Providence*, 263 U. S. 68, 43 Sup. Ct. 684, 67 L. Ed. 1167.

III. *Appeal bond payable to county.* The only legal authority conferring the right of appeal on appellant from the board of supervisors requires that appellant executed a bond "payable to the county," which is section 7085, Hemingway's Code (section 4405, Code of 1906). This court has held that such a bond which is not made payable to the county is void and is insufficient to maintain an appeal. *Evans* v. *Sharkey*, 89 Miss. 302.

IV. *Parties.* The fact that section 7085, Hemingway's Code (section 4405, Code of 1906) requires that the appeal bond be made payable to the county emphasizes that the law contemplates this to be a proceeding or should be a proceeding by the county. The individual signers to the initial petition are clothed with no power of eminent domain or to condemn land for a public highway; they have no vital interest in the proceedings one way or the other; they merely filed the initial petition asking the board of supervisors in its discretion to open up and lay out a new road; and its exact location, if located at all, is by the board of supervisors.

Opposing counsel cites no authority in support of his position on this point except a number of foreign authorities that are not applicable to the statute law of Mississippi or to a case of this nature.

V. *Supersedeas appeal.* If an objecting landowner can by mere appeal with an initial cost bond of two hundred dollars hold up large and important road constructions indefinitely, the road building program of. Mississippi will be paralyzed and Mississippi's law covering the subject is certainly in a chaotic state.

With this appeal being adjudged a *supersedeas,* the county, state and federal government have already lost the case with no hope of winning unless the *supersedeas* is discharged, because the construction. of this road has been held up so long and can be held up so long in the future by successive petitions for writs of *certiorari* such as appellant has pending and by appeals to the circuit court, to this court, and to the supreme court of the United States, that it will be impracticable to complete the road.

*A. H. Jones* and *George Butler,* in reply, for appellant.

I. *As to the writ of prohibition.* The case of *Wynne* v. *I. C. R. R. Co.,* 105 Miss. 784, has no application here. Counsel overlooked the fact that the writ of prohibition is a common-law remedial writ, as decided in *Crittendon* v. *Boone,* 92 Miss. 277, and that under section 992, Code of 1906 (section 712, Hemingway's Code) the judges of the supreme court, circuit courts and chancellors, in term time and vacation, are given authority to severally issue writs of *habeas corpus,* mandamus, *certiorari, supersedeas,* attachments, injunctions "and all other remedial writs," in cases where the same may properly be granted according to right and justice, returnable to any court, etc.

II. *As to jurisdiction.* As to the sufficiency of the petition for the writ of *certiorari,* note that the petition was

filed under sections 90 and 91, Code of 1906. The objections here are very similar in substance and effect to those made in *Loomis* v. *Commercial Bank,* 4 How. 660; *Board of Sup'rs* v. *Melton,* 123 Miss. 615, is also to the same effect.

The second proposition advanced under this heading is that the appeal was premature and could be taken only from the order of the board of supervisors allowing or disallowing damages, and is controlled and regulated entirely by section 4400, Code of 1906 (section 7085, Hemingway's Code).

It is true that the section mentioned, provides for one mode of review, but it is not the only mode. See sections 80, 81, 83, 87, 90, 91, Code of 1906. Moreover, *certiorari* is a common-law remedy and authorizes a review of the proceedings of such boards and bodies even though no appeal is provided for. *Holdberg* v. *Macon,* 55 Miss. 112; *R. R. Co.* v. *Adams,* 85 Miss. 772; *Miller* v. *I. C. R. R. Co.,* 141 Miss. 223.

Again, it is contended that review by *certiorari* could be had only after the claim for damages had been allowed. It is the contention of appellant that the act of the board of supervisors in condemning and taking his land was such an order as may be reviewed on *certiorari.* Indeed, the supreme court of this state in *Dreyfus* v. *Cage,* 79 Miss. 406, has held that a decree dissolving an injunction and retaining the case to assess damages is a final decree. See, also, *Deberry* v. *Holly Springs,* 35 Miss. 385.

We say, therefore, that the order condemning the land was a decision, in favor of the county, of the right to take and use the land, and against the right of appellant to use and enjoyment thereof. *R. R. Co.* v. *Adams,* 85 Miss. 772.

III. *As to the bond.* Certain it is that the bond here, at least as increased, was sufficient in amount and was so determined by the court after full inquiry. Appellees also complain that the appeal bond should have been

made payable to the county and again refers to section 4400, Code of 1906. As already pointed out, this review was not a proceeding under that section, but was a review under sections 90 and 91. It was also made payable to the board of supervisors so that in the event and if for any reason, it should be held that the board had any interest in the matter, they would be protected; and, moreover, it was in legal effect payable to the county. *Nat'l Surety Co.* v. *Board of Sup'rs,* 120 Miss. 707.

Argued orally by *George Butler* and *A. H. Jones,* for appellant and *D. C. Bramlette,* for appellee.

COOK, J., delivered the opinion of the court.

This is an appeal from the circuit court of Wilkinson county, and it involves the validity of the proceedings of the board of supervisors in laying out and changing the route of a public road leading south from Woodville, Miss., to the Louisiana state line.

At the April, 1926, meeting of the board of supervisors of Wilkinson county, a petition purporting to be signed by Mrs. S. J. Seward and fourteen others was filed, asking that the said board lay out, alter, open, and change the road in question by commencing on the west bank of the Woodville road, at the corporate limits of the town of Woodville, as staked out by the state highway engineers, and running southerly through and over certain lands therein described, and through and across the lands of the appellant, J. B. Ferguson, and terminating by connecting with the gravel highway at the Louisiana and Mississippi state line, as surveyed, run off, and staked by the engineers of the state highway department, and approved by the federal engineer. This petition recited that the public interest and convenience required that the said road be so laid out, opened, altered, and changed; that the petitioners were freeholders and householders of the said road district and of Wilkinson

county; and that the owners of the land, through which the road would run, had been given five days' notice, as required by law.

Upon the filing of this petition, it was entered upon the minutes of the board of supervisors, and the board adopted the following order:

"Ordered that the above petition be and the same is hereby granted, and, further, ordered that J. E. Carter and T. C. Brown, members from the fourth and fifth supervisors' district, respectively, be and are appointed a committee to examine and view the contemplated route of the said road, and should they find the same practicable shall report their proceedings in writing at the May meeting of said board."

At the regular May meeting of the board, the committee appointed to examine and view the proposed route of the road reported that they had performed their duties, as required by law; that they had found the proposed road to be practicable; that they had laid out and marked it; and thereupon the board entered an order adopting and confirming this report, and ordering the proper road workers to open and work said road as changed. At the same meeting, an order was entered approving the plans, specifications, and estimates of cost of the project as then on file, and requesting the state highway department to advertise for bids for the construction of the road. An order was also entered designating May 17, 1926, as the date on which the board would go on the premises of the various owners of the land over which the road ran, for the purpose of assessing their damages, and directing that notice of the intention of the board so to do be served on the various owners of the land. At the same meeting, and at the time prescribed by section 4402, Code of 1906 (section 7082, Hemingway's Code), appellant filed with the board of supervisors the following claim for damages for the taking of his property:

"Honorable Board of Supervisors of Wilkinson County:

"Without waiving any legal right, and reserving to myself the right allowed by law to take any action proper and necessary for my relief, and expressly disclaiming the intent to accept any sum as compensation for my lands proposed to be taken for a public road, or for damages sustained and to be sustained by me in the construction of the proposed road, and being the road proposed to be constructed south from Woodville through my property and to the Louisiana state line, and reserving the right to accept such damages as may be allowed me on the final conclusion of any litigation or condemnation or any other action in which my property and claim is involved, I file this claim for damages: For compensation for the land taken for the said public road, and for damages sustained by me by the construction of the said road, and for damages to the property as a whole, and the cost of fencing, drainage, and all other consequent damages to my said land and property, the sum of six thousand dollars."

On the 15th day of May, the appellant filed a petition setting forth the various proceedings of the board of supervisors in reference to the laying out and changing of the road, and praying for a writ of *certiorari* to review the proceedings, and the same was granted by the circuit judge. To this petition the various landowners, as well as the board of supervisors, were made parties defendant, and the bond given for the issuance of the writ was made payable to these landowners and to the state of Mississippi. The writ was issued and served on the members of the board of supervisors on or before May 17, 1926, but on that date, ignoring this writ, the board proceeded to assess the damages of the several landowners and made a report thereof to the regular June meeting of the board. On the 3d day of June, a writ of prohibition, which was ordered to issue by a judge of this court, was served on the board of supervisors, requiring them to cease and desist from assessing the damages sustained by the appellant, and from awarding

a contract for the construction of the highway across the lands of appellant, and from taking any further proceedings in said matters, as against the appellant, until and unless otherwise ordered by the court.

At the June meeting of the board, the report of damages assessed by the members thereof on May 17th was approved as to all the landowners except this appellant. At that meeting, there was also entered an order attempting to ratify and validate the action of the board as taken at the April meeting, by reciting at length that, at the April meeting, the board had adjudicated the existence· of the necessary jurisdictional facts, although such facts do not appear in any of the orders adopted at the April meeting of the board. At the same meeting, there were other orders entered letting a contract for the construction of the road, except that portion across the lands of the appellant, but these orders, as well as certain proceedings, taken to increase the *certiorari* bond, are not here material.

When the writ of *certiorari* came up for hearing in the circuit court, the several landowners, who were made parties defendant to the petition, filed a disclaimer of all right or interest in the proceedings and moved the court to dismiss the proceedings as to them, and this motion was sustained. The appellant filed a motion to strike from the transcript of the record all orders or proceedings of the board, which had been taken and entered subsequent to the date of the service of the writ of *certiorari,* and this motion was overruled.

Wilkinson county filed a motion to dismiss the writ of *certiorari,* on the grounds, first, that the circuit court was without jurisdiction of the cause; second, that the alleged writ of *certiorari* was null and void and not authorized by law; third, the *certiorari* or appeal was premature; fourth, the *certiorari* or appeal was not from a final judgment and was not authorized by law; fifth, the *certiorari* or appeal bonds were not made payable to Wilkinson county; sixth, no *certiorari* or appeal bond

was executed and filed as required by law; seventh, no bill of exceptions was filed or tendered; eighth, Wilkinson county was not made a party or summoned as required by law; and, ninth, the court could grant no relief against the defendants named in the petition and summoned. This motion was sustained, and from the judgment dismissing the writ of *certiorari* this appeal was prosecuted.

The court below committed no error in eliminating Mrs. Seward and the other petitioners for the road as parties to the suit. It is true that a petition signed by ten or more freeholders and householders is necessary to confer on the board of supervisors jurisdiction to lay out, alter, or change a public road, but when such a petition is filed, the signers thereof do not become, in any proper sense, parties to the proceedings of the board of supervisors in laying out, altering, and changing the road, and condemning the necessary rights of way therefor, but, in any proceeding by a party adversely affected by the laying out of the road, or the taking of property therefor, the county, or its representatives, the board of supervisors, is the proper party defendant.

Section 90, Code of 1906 (section 72, Hemingway's Code), provides that:

"All cases decided by a justice of the peace, whether exercising general or special jurisdiction, may, within six months thereafter, on good cause shown by petition, supported by affidavit, be removed to the circuit court of the county, by writ of *certiorari,* which shall operate as a *supersedeas,* the party, in all cases, giving bond, with security, to be approved by the judge or clerk of the circuit court, as in cases of appeal from justices of the peace; and in any cause so removed by *certiorari,* the court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings."

While section 91, Code of 1906 (section 73, Hemingway's Code), provides that:

"Like proceedings as provided in the last section may be had to review the judgments of all tribunals inferior to the circuit court, whether an appeal be provided by law from the judgment sought to be reviewed or not."

Section 4405, Code of 1906 (section 7085, Hemingway's Code), provides for a review of all proceedings of the board of supervisors, in the laying out, altering, or changing any public road, and assessing damages therefor, by an appeal to the circuit court, but this does not exclude the right to have such proceedings reviewed by *certiorari*, as provided by section 91, Code of 1906 (section 73, Hemingway's Code), in which case the circuit court will be confined to an examination of the questions of law arising or appearing on the face of the record and proceedings. Upon the filing of the proper petition and bond, and the issuance and service of the writ of *certiorari* removing the proceedings to the circuit court for review, all proceedings therein by the board of supervisors were thereby superseded, and any attempted orders or proceedings of the board thereafter taken were improperly made a part of the transcript of the record transmitted to the circuit court, and the motion to strike these orders and proceedings should have been sustained. There is an additional reason why the orders of the board, entered at the June, 1926, meeting, attempting to ratify and validate the proceedings of the board at the April meeting, added nothing to the validity of these prior proceedings. This order, which was entered at the June meeting, recited that the necessary jurisdictional facts were found or adjudicated at the April meeting of the board, but, as said in the case of *Board of Supervisors* v. *Parks,* 132 Miss. 752, 96 So. 466:

"This attempt to give the order a retroactive effect must fail; the board having no power so to do."

Counsel for the county of Wilkinson seem to contend that *certiorari* will not lie to review these proceedings of the board of supervisors, and that they may be reviewed by appeal only, but, in support of the action of the court

in sustaining the motion of the county to dismiss the writ of *certiorari,* counsel relies principally upon the ground that the *certiorari* was premature; that is to say, that the judgment of the board, establishing and laying out the road and condemning the appellant's land, was not a final judgment from which an appeal would lie, and that if *certiorari* could be maintained at all, it could only be after a final judgment assessing the damages to appellant's land.

We think the order of the board directing the road to be laid out and opened up, which condemned the appellant's land to the public use, was to all intents and purposes a final judgment, the validity of which may be reviewed by *certiorari.* The property owner may or may not elect to claim damages for the land taken. The statute has clearly marked out and defined how lands may be taken for this purpose, and, if the provisions of this statute are not followed and the proceedings upon which the condemnation is based are void, the landowner is not required to await the assessment of damages or to accept even full compensation, but he may, by *certiorari,* test the validity of the proceedings and defeat the taking of his land in any manner except as provided by law.

Counsel also contends that the *certiorari* was properly dismissed for the reason that the *certiorari* bond executed by the appellant was not payable to the county. The bond was made payable to the state of Mississippi, and the original petitioners for the road, who were improperly joined in the proceedings, and we think the bond should have been made payable to the county, but this defect in the bond was not sufficient ground for the dismissal of the *certiorari.* The bonds executed in this proceeding had the effect which a bond, payable as prescribed by law, would have had, and by virtue of the provisions of section 1022, Code of 1906 (section 742, Hemingway's Code), it will inure to the benefit of the party to whom it was designed by law as a security. This statute provides that:

"When a bond, recognizance, obligation, or undertaking of any kind shall be executed in any legal proceeding, . . . it shall inure to the person to whom it is designed by law as a security, and be subject to judgment in his favor, no matter to whom it is made payable, . . . and the persons executing such bond or other undertaking shall be bound thereon and thereby, and shall be liable to judgment or decree on such bond or undertaking as if it were payable and conditioned in all respects as prescribed by law, if such bond or other obligation or undertaking had the effect in such proceeding or matter which a bond or other undertaking, payable and conditioned as prescribed by law, would have had. . . ."

At most, the court should have, upon proper objection, required the defective bond to be perfected within a reasonable time, upon the penalty of a dismissal for failure to comply with such order of the court.

Upon the question as to the validity of the proceedings of the board in establishing, laying out, and changing the road, and condemning the appellant's land, this case is controlled by the decisions of the court in the case of *Aden* v. *Board of Supervisors,* 142 Miss. 696, 107 So. 753, and authorities there cited. In the case at bar, there is nothing in the orders or proceedings of the board of supervisors to show that the board found or adjudicated that ten of the signers of the petition were freeholders or householders of the county. In fact, the orders of the board adjudicated nothing, but simply ordered that the petition be granted and the road laid out and opened, in accordance with the prayer of the petition. That ten of the signers of the petition for the laying out and opening of the road should be freeholders or householders of the county was a necessary jurisdictional fact, and there is nothing in the orders or proceedings of the board of supervisors to show that fact, and, as said in the *Aden case, supra:*

"It is true that more than ten names were signed to the petition, but the orders and proceeding of the board of supervisors nowhere shows that the board found or adjudicated that ten of these signers were freeholders or householders. Nothing can be presumed in favor of the jurisdiction of the board, and the mere recital in the face of the petition that the signers thereof were freeholders or householders does not establish that they were such in fact, and cannot take the place of a finding by the board of supervisors that this necessary jurisdictional fact existed."

There is no merit in any of the other grounds of the motion to dismiss the *certiorari*, and consequently the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*